952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lorine HARRIS; Michael Grayson; Mose Herbert, Junior,
Plaintiffs-Appellants,
v.
The CITY OF GARDENA; David Allen Mathieson; Ron Panter;
Richard K. Propster, Defendants-Appellees.
 No. 91-55574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorine Harris, Michael Grayson, and Mose Herbert appeal the district court's dismissal of their 42 U.S.C. § 1983 action under Fed.R.Civ.P. 16(f) for failure to comply with a pretrial order. We vacate the order of dismissal and remand for further proceedings.
 
 
 3
 The district court relied primarily on Fed.R.Civ.P. 16(f) in its order of dismissal. Rule 16(f) states that for violation of a pretrial order a judge may order sanctions pursuant to Rule 37(b)(2)(C). See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988); Fed R.Civ.P. 16(f). Rule 37(b)(2)(C) provides for the sanction of dismissal. See Malone, 833 F.2d at 130; Fed R.Civ.P. 37(b)(2)(C). "The standards governing dismissal for failure to obey a court order are basically the same under either [Rule 41(b) or 16(f) ]...." See Malone, 833 F.2d at 130 (citation omitted).
 
 
 4
 The district court must weigh five factors before dismissing a case for failure to obey a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions, and (5) the public policy favoring disposition of cases on their merits. See id. If the district court does not explicitly consider these factors, we independently review the record to determine whether the order of dismissal was an abuse of discretion. Id.
 
 
 5
 A. Expeditious Litigation and Docket Management
 
 
 6
 On January 18, 1990, the plaintiffs through their attorney, filed their complaint against the defendants, the city of Gardena and three police officers, for the wrongful shooting of Dexter Herbert, the son of Lorine Harris and Mose Herbert. In late February and early March of 1991, the plaintiffs' attorney substituted out of the case, and the plaintiffs proceeded pro se. A pretrial hearing was scheduled for March 25, 1991. Lorine Harris appeared at the pretrial conference and requested a continuance in order to obtain new counsel. Harris explained that another attorney had agreed to take the case but had not yet reviewed the case.
 
 
 7
 The judge denied the request for the continuance, and dismissed the action pursuant to Rule 16(f). The district court dismissed the action for failure to file and lodge pleadings in preparation for the pretrial conference pursuant to the Local Rules for the Central District of California 9 & 27.2(a), (b).
 
 
 8
 We cannot say that the district court abused its discretion under these first two factors. Plaintiffs' inability to proceed with their action at the pretrial conference did delay the resolution of the case and did interfere with the court's orderly management of its docket. See id. at 131. The plaintiffs' action had been pending for over a year. Nevertheless, the plaintiffs' attorney had substituted out of the action shortly before the pretrial conference, and Harris appeared at the pretrial conference and indicated that new counsel was being retained. Although delay to the court could have been minimized if the plaintiffs had moved for a continuance after their counsel withdrew, the failure to do so by the pro se plaintiffs is understandable. Thus, while the plaintiffs' failure to be prepared at the time of the pretrial conference delayed the resolution of the litigation, the plaintiffs were attempting to prosecute their action.
 
 B. Prejudice to Defendants
 
 9
 To show prejudice, a defendant must show that plaintiff's actions interfered with defendant's ability to proceed to trial or interfered with the rightful decision of the case. See id. Here, no showing of prejudice has been made by the defendants. Thus, this factor also weighs against dismissal.
 
 C. Consideration of Less Drastic Sanctions
 
 10
 In Ford v. Alfaro, the court held that Rule 16(f) could not be imposed "without first giving notice of its intent to [impose Rule 16(f) sanctions] and without affording an opportunity for a hearing." 785 F.2d 835, 840 (9th Cir.1986). Moreover, in Malone, the following considerations are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal. See Malone, 833 F.2d at 132.
 
 
 11
 Here, the district court did not discuss the feasibility of alternatives to dismissal in its order, did not implement alternative sanctions prior to dismissal, and did not specifically warn the plaintiffs of the possibility of dismissal for failure to comply with Local Rule 9, although a general warning is contained in Local Rule 27.2. Thus, we conclude that the fourth Malone factor weighs against dismissal. See id. at 132.
 
 
 12
 D. Public Policy Favoring Disposition on the Merits
 
 
 13
 The fifth factor also weighs against dismissal.
 
 E. Response of Appellees
 
 14
 On appeal, the defendants, here appellees, do not argue that there was no abuse of discretion. Rather, they contend that the plaintiffs' notice of appeal, which was filed on April 29, 1991, is untimely. The district court's order was entered on March 28, 1991. Thus, the plaintiffs had thirty days, or until April 27, 1991 to file their notice of appeal. Nevertheless, because April 27, 1991 was a Saturday, their time for filing a notice of appeal was extended until Monday, April 29, 1991. See Fed.R.App.P. 26(a). Accordingly, the plaintiffs' notice of appeal was timely.
 
 F. Conclusion
 
 15
 Given that Rule 16(f) sanctions were imposed without notice and an opportunity for a hearing, we vacate the district court's dismissal, and remand this action for further proceedings. See Ford, 785 F.2d at 840.
 
 
 16
 VACATED and REMANDED.
 
 
 17
 SNEED, Senior Circuit Judge, concurring specially:
 
 
 18
 I concur in this disposition only because of the authorities of this circuit. In my opinion the district court should be entitled to act as it did under the circumstances of this case. To do otherwise burdens the trial courts with tasks that frequently are meaningless and, in all events, require ritualistic responses by district courts, the completeness of which we exquisitely scrutinize. Both the district courts and we have better things to do with our time.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3