963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lily GILL, Plaintiff-Appellant,
v.
HEWLETT PACKARD, INCORPORATED, Defendant-Appellee.
 No. 91-55432.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 14, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and GEORGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lily Gill appeals the dismissal without prejudice of her Title VII action. Finding that the district judge did not abuse his discretion, we affirm.
 
 
 4
 Gill's action, filed in state court, was removed to federal district court by the defendant, which filed its answer on December 5, 1990. On January 18, 1991, the district judge filed an Order to Show Cause by February 4 why the case should not be dismissed for failure to comply with Local Rule 6.2, which requires counsel to file with the court a Joint Report of Early Meeting within 14 days of the early meeting. The report sets forth preliminary schedules, likelihood of settlement, and other information useful to the court in organizing its docket.
 
 
 5
 The date to show cause was extended to February 20 due to misdirection of the original order. However, after receiving a response from plaintiff's counsel indicating that the plaintiff was proceeding in pro per and that the attorney did not intend to comply with the Rule, the district court dismissed the action without prejudice on February 6. On March 12, the district court denied a motion for reconsideration, finding that the facts were as he had thought when he dismissed the case.
 
 
 6
 A dismissal of a case for failure to comply with rules pertaining to pre-trial scheduling is reviewed for an abuse of discretion. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 7
 Dismissal of an action is a harsh penalty, that will only be upheld if the district court has considered the five factors outlined in Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987). These factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. It is not necessary for a district court to make explicit findings with regard to these factors; we may independently review the record for an abuse of discretion. Id.
 
 
 8
 In this case, the first two factors counsel in favor of dismissal. The Local Rules concerning an early meeting are clearly intended to help the district court manage its caseload.
 
 
 9
 The third factor, prejudice to the defendant, "is in part judged with reference to the strength of the plaintiff's excuse for the default." Id. at 131. Although the prejudice to the defendant does not appear great, plaintiff's excuse for her behavior is not convincing. If indeed she intended to comply with the court's order by seeking counsel, she could be expected to inform the district judge of her plans. She provides no reason even now of not taking this simple step.[1]
 
 
 10
 The fourth factor is the public policy favoring disposition of cases on the merits. This factor normally weighs against dismissal. See id. at 133 n. 2. However, in this case the plaintiff appears not to have wanted a disposition on the merits. She waited until the statute of limitations period had almost run before filing her state court complaint. Even after the complaint was filed, Gill directed her attorney not to serve process on the defendant. When the defendant responded anyway, Gill's attorney threatened to have the answer struck. The court need not consider the importance of deciding a case on the merits when the plaintiff freely admits that she was using the judicial process merely as a leverage tool.
 
 
 11
 The last factor is the availability of less drastic sanctions. We have held that explicit discussion of the availability of other sanctions is not required if the district court actually tries alternative sanctions before employing dismissal. Malone, 833 F.2d at 132. A warning that failure to comply with a order will result in dismissal can meet the "consideration of alternatives" requirement. Id. Here, the district judge did not simply dismiss upon violation of Rule 6. Rather, he issued an order to show cause which permitted plaintiff either to show cause or to comply with the Rule by a certain date or face dismissal. In addition, the district court entertained a motion for reconsideration.
 
 
 12
 Given the weight of the factors in support of the district judge's dismissal, we cannot say that he abused his discretion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gill's argument that the district court must show that she personally had knowledge of the Local Rules is meritless. The rules themselves indicate that "[p]ersons pro se are bound by these rules." Local Rule 1.2