8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent E. MORRIS, Plaintiff-Appellant,
v.
Paul W. MARTIN, et al., Defendant-Appellee.
 No. 93-15086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brent Morris is a prisoner of the State of Nevada who has brought a section 1983 civil rights action. The district court dismissed Morris' amended complaint pursuant to Federal Rule of Civil Procedure 37(b) for failure to participate in discovery. Morris timely appealed. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 Appellee's attorneys have sought unsuccessfully to take Morris' deposition since October 25, 1991. On February 24, 1992, appellee's attorneys traveled to Carson City, Nevada, where Morris was incarcerated, to depose him. Morris refused to answer any questions at that deposition.
 
 
 4
 On June 19, 1992, appellee's attorneys again traveled to Carson City to depose Morris. When they arrived, they found that he had been transferred temporarily to a New Jersey correctional facility. Morris had not notified the district court or the appellee's attorneys that his address had changed. The district court dismissed Morris' complaint because of his failure to appear for the June 19 deposition.
 
 
 5
 We review the district court's dismissal under Rule 37(b) for abuse of discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987). Dismissal is a harsh penalty that is imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421 (9th Cir.1986). Nevertheless, we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions. Malone, 833 F.2d at 130.
 
 
 6
 A district court must consider the following five factors when it determines whether to dismiss a complaint under Rule 37:
 
 
 7
 (1) the public's interest in expeditious resolution of litigation
 
 
 8
 (2) the court's need to manage its dockets
 
 
 9
 (3) the public policy favoring disposition of cases on the merits
 
 
 10
 (4) the risk of prejudice to the party seeking sanctions
 
 
 11
 (5) the availability of less drastic sanctions.
 
 
 12
 Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). While a district court need not make explicit findings regarding each of these factors, if it does not, the appellate court must review the record independently to determine whether the sanction was an abuse of discretion. Id.
 
 
 13
 The first two factors favor sanctions in nearly all cases, id., and they do so here as well. Morris' failure to cooperate with discovery has dragged out this litigation for nearly two years, and has required the appellee to seek relief from the district court on several occasions. The third factor, however, militates against a dismissal because it precludes a review of the merits of the complaint.
 
 
 14
 As to the fourth factor, Morris' repeated failure to appear for or answer questions at his deposition works a prejudice against the appellee. Morris has stonewalled the appellee's discovery and has caused the appellee to incur needless travel expenses and lost attorney time. The fourth factor thus supports dismissal of the complaint. Wanderer, 910 F.2d at 656.
 
 
 15
 The last factor also supports dismissal. Morris argues that the district court failed to consider alternatives to dismissal in its order. However, a district court need not explicitly consider alternatives to dismissal on the record. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991); Malone, 833 F.2d at 132. Where "parties discussed alternative remedies in their papers," we can infer that the district court considered whether any alternatives would be appropriate. Morris, 942 F.2d at 652. The appropriateness of a less severe sanction was addressed by the appellee in his motion to dismiss. The district court's order indicates that the court was persuaded by the appellee's reasoning that Morris' conduct was sufficiently egregious to merit dismissal and that a less severe sanction would not be proper. We are convinced that the district court considered alternative sanctions.
 
 
 16
 Morris also argues that the district court did not explicitly warn him that his discovery noncompliance would result in dismissal. Although a district court generally is required to warn a plaintiff before it dismisses a complaint under Rule 37(b), no such warning is required where the plaintiff evinces a willful disregard of the court's authority. See, e.g., id.; Malone, 833 F.2d at 133. Morris has ignored two court orders granting the appellee leave to take his deposition. Furthermore, Morris did not even bother to respond to the appellee's motion to dismiss. We find Morris' actions to be sufficiently contumacious of the district court's authority to permit dismissal.
 
 
 17
 Finally, Morris argues that his failure to appear for his June 19 deposition was excusable because he was not at fault. Morris did not present this argument to the district court. We will not consider a new issue that was not raised before the district court unless (1) the issue is a purely legal one that does not depend on the factual record developed below or (2) the pertinent factual record has been fully developed. Pacific Exp., Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.1992); Federal Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 509 (9th Cir.1990). Morris' argument does not concern a purely legal issue, and the factual record regarding his ability to provide sufficient notice of his change of address to reschedule his deposition was not fully developed below. We thus decline to consider this argument.
 
 
 18
 We note in passing, however, that Morris has engaged in a history of litigation and has shown that he is adept at discerning his obligations under the Federal Rules of Civil Procedure. He has demonstrated an awareness of his obligation under Rule 5 to notify parties of his change of address by submitting change of address notices on several occasions. We thus cannot believe that the failure of the June 19 deposition to proceed at a time and place acceptable to both parties was truly beyond his control.
 
 
 19
 The district court did not abuse its discretion in dismissing Morris' complaint under Federal Rule of Civil Procedure 37(b). Morris' appeal is not so frivolous, however, that it merits an award of attorneys fees to the appellee. Accordingly, the judgment of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3