Joan Celia Lavine, Los Angeles, Cal., for plaintiff-appellant.

Darling, Hall, Rae, & Gute, Los Angeles, Cal., for defendant-appellee.

Before GOODWIN and FARRIS, Circuit Judges, and ORRICK *, District Judge.

PER CURIAM.

Robert A. Buss ended nearly 35 years of employment with Western Airlines on October 17, 1975 under circumstances which led him, in January, 1977, to file an action for damages for violating 29 U.S.C. § 621 et seq. (The Age Discrimination in Employment Act). In September, 1980, the district court dismissed the complaint because of plaintiff's failure to comply with court orders and failure to comply with local rules in a number of respects that delayed the preparation of the case for trial. Buss appeals, contending that the dismissal of the complaint without prejudice was an abuse of discretion in view of the running of the statute of limitations against his cause of action.

The voluminous file in this case reveals that a vast amount of lawyer time on both sides was expended in largely unnecessary paper shuffling as the parties battled over discovery and preliminary matters. Plain-

**Robert A. BUSS, Plaintiff-Appellant,**

v.

**WESTERN AIRLINES, INC., a corporation, Defendant-Appellee.**

**No. 80–5818.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 5, 1984.

Decided July 26, 1984.

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of Cali- fornia, sitting by designation.

tiff's counsel assigned most of the difficulty to her heavy caseload of other litigation and to the novelty of the issues in this case. The trial court record reveals, however, that a good deal of the difficulty was caused by intransigence and total unconcern for the local rules of court.

It is not the purpose of this decision to assess fault. The trial judge, however, was not at fault. A judge with a caseload to manage must depend upon counsel meeting each other and the court halfway in moving a case toward trial. Time and again, over a period of more than three years, plaintiff's counsel refused to tender to the defense a realistic draft of language to be included in the pretrial order. Counsel was warned by the court upon several occasions that further delay and refusal to cooperate would result in the case being dismissed. The case is very similar to *Von Poppenheim v. Portland Boxing & Wrestling Commission,* 442 F.2d 1047 (9th Cir. 1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972).

The only point that keeps this appeal from being wholly frivolous is that the trial court dismissed the complaint at the end of a status conference instead of waiting another month until the final deadline for the pretrial order. Plaintiff understandably attempts to make the most of this event. However, counsel failed to show, even now, that she was making a good faith effort to tender a pretrial order on time. From the record in its entire context, it is clear that the district judge did not abuse his discretion. Indeed, the handling of the particular case by the district judge reveals far more patience and forbearance than plaintiff's performance would have encountered in a number of other departments. The dismissal at the end of the status conference was entirely reasonable in light of the inability and unwillingness of counsel to offer any hope of moving affirmatively toward the filing of a pretrial order in the foreseeable future.

Affirmed.