**Ann J. MALONE, Plaintiff/Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, an agency of the United States, et al., Defendant/Appellee.**

**No. 85–2244.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1987.

Decided Nov. 23, 1987.

---

pretrial order, to dismiss with prejudice her suit against the United States Postal Service. We affirm.

## BACKGROUND

Ann Malone brought suit against the United States Postal Service (the "Government") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The trial began in November 1984. Because Malone's attorney presented the case in a confused and inefficient manner, the district court restricted counsel's presentation of witnesses and evidence. Counsel believed that the court was treating her unfairly; on November 16, she made a motion for a mistrial. The court denied the motion, but a few hours later declared a mistrial on its own motion. The district court explained in the June 10, 1985, dismissal order at issue here that the mistrial had been declared because of lack of preparation on the part of Malone's attorney.

The district court issued a pretrial order on December 13, 1984. The order required both parties to file information with the court prior to a new trial. Among the information requested was a complete list of witnesses and a "thorough and complete list of each and every" direct question and anticipated response. The court stated that no oral argument concerning this requirement would be entertained, and that motions for continuances would not be accepted. The deadline for compliance with the order was April 25, 1985. Trial was set for June 1985. On April 23, 1985, Malone's attorney informed the Government by telephone that Malone would not be complying in any way with the order. The Government had already devoted considerable effort to complying with the pretrial order. On April 26, Malone for the first time filed objections to the pretrial order, requesting recusal of the trial judge, modification of the pretrial order, and a continuance.

On May 1, 1985, the Government moved to dismiss the action on the ground that Malone had willfully failed to comply with any aspect of the pretrial order. A hearing was held on May 16, at which Malone's

Isable Medford, Oakland, Cal., Michael S. Sorgen, San Francisco, Cal., for plaintiff-appellant.

Joseph P. Russoniello, Judith A. Whetstine, and Mary Beth Donley, San Francisco, Cal., Stephen E. Alpern and Lori Joan Dym, Washington, D.C., for defendant-appellee.

Before CHOY, Senior Circuit Judge, SNEED and TANG, Circuit Judges.

CHOY, Senior Circuit Judge:

Ann Malone appeals the district court's decision, following Malone's violation of a

attorney stated that Malone had not complied with the pretrial order because Malone lacked the financial resources to do so. The district court granted the Government's motion, and dismissed the action with prejudice on June 10, 1985.

Malone timely appeals the order of dismissal.

## DISCUSSION

Malone makes three basic arguments against the district court's order of dismissal: 1) the district court abused its discretion in weighing the five factors which we have set forth to guide dismissal decisions; 2) the district court's pretrial order was invalid and therefore the court was precluded from sanctioning Malone's violation of the order; and 3) Malone has been unfairly punished for the faults of her attorney. We reject all of these arguments.

### I. *Dismissal Factors*

The district court relied primarily on Fed. R.Civ.P. 16(f) in ordering dismissal. Rule 16(f) states that for violation of a pretrial order a judge may order sanctions as provided in Fed.R.Civ.P. 37(b)(2)(C). Rule 37(b)(2)(C) provides for the sanction of dismissal. The district court also relied on Fed.R.Civ.P. 41(b), which enables a court to order dismissal "[f]or failure of the plaintiff ... to comply with ... any order of [the] court...." The standards governing dismissal for failure to obey a court order are basically the same under either of these rules. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986).

The district court's dismissal of a case with prejudice is reviewed for abuse of discretion. *Thompson v. Housing Authority*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 112, 93 L.Ed. 2d 60 (1986). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Nevertheless, we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions. *Chism v. Nation-*

*al Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir.1981).

■ A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831. It is not necessary for a district court to make explicit findings to show that it has considered these factors. *Henderson*, 779 F.2d at 1424. We may review the record independently to determine if the district court has abused its discretion. *Id.*

In the instant case, the district court did not explicitly indicate that it had considered any of the five dismissal factors in rendering its decision. The court explained its decision to dismiss as follows:

[The Court] feels that the flagrant disobedience by plaintiff's counsel, her bad faith and her repeated failure to comply in any respect with the Court's pretrial order warrants the sanction of dismissal in this case. The Court's finding in this regard is amplified by the fact that plaintiff's counsel did not communicate in any way with the Court or opposing counsel at any time in an attempt to clarify or modify the Court's pretrial order until April 23, 1985 when plaintiff's counsel ... informed defendants' counsel for the first time that plaintiff would not file any of the requested documents by the Court.

The court concluded that the violation of the pretrial order was deliberate and willful. The court also rejected the excuse given by counsel for refusing to comply with the order: that Malone lacked the financial means to meet the order's detailed requirements.

■ Because the district court did not explicitly consider the five dismissal factors set forth in *Thompson*, we must review the record independently to determine whether the order of dismissal was an abuse of discretion. *Henderson*, 779 F.2d at 1424.

Our independent evaluation of the dismissal factors convinces us that the district court's order was not an abuse of discretion.

### A. *The First Two Dismissal Factors*

The first two dismissal factors are the public interest in expeditious resolution of litigation and the trial court's interest in docket control. It is clear that these two factors support the district court's decision to dismiss Malone's case. Malone's dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule. *See Chism*, 637 F.2d at 1331–32.

### B. *Prejudice to Defendant*

In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *See Rubin v. Belo Broadcasting Corp. (In re Rubin)*, 769 F.2d 611, 618 (9th Cir.1985). In the instant case, the district court was primarily concerned with counsel's bad faith decision to wait until the last minute before notifying the Government that Malone was not complying with the pretrial order. While Malone did nothing to fulfill her responsibilities under the pretrial order, the Government made a diligent effort to comply with the pretrial order in a timely manner. We have no doubt that Malone's last-minute notification of her decision not to comply with the pretrial order had a prejudicial effect on the Government. *See North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir.1986) (endorsing district court's finding that "willful violation of the discovery order had, given the imminence of the trial date, prejudiced [defendant's] ability to prepare for trial"); *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir.1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Chism*, 637 F.2d at 1331 (indicating that defendant had been prejudiced by plaintiff's continual flouting of discovery rules, failure to comply with pretrial conference

obligations, and repeated violations of local court rules); *cf. Henderson*, 779 F.2d at 1425 (although no specific showing of prejudice had been made below, "[w]here counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative" in evaluating the propriety of dismissal).

We hold that the prejudice to the Government from Malone's actions was sufficient to justify an order of dismissal. In so holding, we place particular reliance on the district court's determination that Malone's excuse for her conduct was groundless. Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default. *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir.1980). The district court rejected the excuse that Malone lacked the financial resources to comply with the pretrial order. The court found that compliance with the pretrial order was feasible in light of the numerous depositions and interrogatories already taken by Malone's counsel and the "numerous alternatives available to [Malone]" for compliance. In addition, counsel offered no explanation as to why she waited until April 23 to inform the Government that Malone was unable to comply with the pretrial order. Malone's intentional and unjustified violation of the pretrial order prejudiced the Government in a manner which justifies dismissal.

### C. *Consideration of Less Drastic Alternatives*

Malone argues that in ordering dismissal the district court did not consider the feasibility of alternatives to dismissal. We disagree.

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th

Cir.1986).[1] Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

The district court did not explicitly discuss the feasibility of alternatives to dismissal. The Government argues that the court did explicitly consider alternatives, citing to part of the transcript of the hearing regarding whether to dismiss the case. In the passage cited by the Government, the district court discussed counsel's excuse that Malone was unable to afford the extensive preparation necessary to comply with the pretrial order. The court refused to accept this excuse, stating that the "alternative" suggested by counsel would be to allow every indigent plaintiff to "conduct[ ] a fishing expedition" at trial. This discussion of an "alternative" by the court is not a discussion of an alternative to dismissal. Rather, it is a justification for rejecting the proffered excuse for noncompliance with the pretrial order.

We have indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal. *See, e.g., People v. Reyes,* 800 F.2d 940, 944 (9th Cir.1986); *Rubin,* 769 F.2d at 617. However, we have never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld. Under the egregious circumstances present here, where the plaintiff has purposefully and defiantly violated a court

order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible. *See G–K Properties v. Redevelopment Agency,* 577 F.2d 645, 647–48 (9th Cir. 1978).

Moreover, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal. *See Callip v. Harris County Child Welfare Department,* 757 F.2d 1513, 1522 (5th Cir. 1985); *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265, 1271 (9th Cir.1985); *Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671, 674 (9th Cir. 1981); *Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1238 (9th Cir.1979); *Von Poppenheim v. Portland Boxing & Wrestling Commission,* 442 F.2d 1047, 1053 (9th Cir. 1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). We conclude that the district court's November 16, 1984, declaration of mistrial and subsequent pretrial order constituted attempts at less drastic alternatives to dismissal. The mistrial, pretrial order, and order of dismissal were *all* instituted in response to the lack of preparation on the part of Malone and her counsel. The district court's imposition of less drastic measures for lack of preparation during the aborted first trial is sufficient indication to us that alternatives were considered prior to dismissal of Malone's case for lack of preparation. *See Callip,* 757 F.2d at 1522.

Finally, the case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. *See Buss v. Western Airlines, Inc.,* 738 F.2d 1053, 1054 (9th Cir.1984), *cert. denied,* 469 U.S. 1192, 105 S.Ct. 968, 83 L.Ed.2d 972 (1985); *Titus v. Mercedes*

---

**1.** Alternative sanctions include: "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured [,] ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel...." *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 749 n. 6

(3d Cir.1982). In addition, "[p]roviding plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice." *Callip v. Harris County Child Welfare Department,* 757 F.2d 1513, 1521 (5th Cir.1985) (quoting *Porter v. Beaumont Enterprise & Journal,* 743 F.2d 269, 272 (5th Cir.1984)).

*Benz of North America,* 695 F.2d 746, 749 n. 6 (3d Cir.1982) (listing "warning" as alternative sanction). Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal. *See, e.g., Hamilton,* 811 F.2d at 500; *National Medical Enterprises,* 792 F.2d at 913; *Rubin,* 769 F.2d at 617; *Mir v. Fosburg,* 706 F.2d 916, 919 (9th Cir.1983); *Tolbert v. Leighton,* 623 F.2d 585, 587 (9th Cir.1980). Although in the instant case the district court did not explicitly warn Malone that dismissal would follow violation of the pretrial order, the court made it clear that no continuances would be accepted. Moreover, we find a warning to be unnecessary here. A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order.

Under the circumstances in this case, the district court satisfied the "consideration of alternatives" requirement by implementing alternative measures prior to ordering dismissal for willful failure to prepare for trial. We conclude that, pursuant to the five dismissal factors, the district court's order of dismissal was not an abuse of discretion.[2]

## II. *Alleged Invalidity of Pretrial Order*

■ Malone also argues that the district court's pretrial order was invalid and therefore that her refusal to comply with the order was justified. Malone primarily contends that the court did not have the authority to require her to supply all anticipated questions and answers for the witnesses that would testify at trial. Malone concludes that the district court's order of dismissal was improper because an order of dismissal cannot be premised on the violation of an invalid order.

It is well established that "[a]n attorney who believes a court order is erroneous is not relieved of the duty to obey it." *Chapman v. Pacific Telephone and Telegraph Co.,* 613 F.2d 193, 197 (9th Cir.1979). We

note, however, that several courts have looked to the validity of an order in deciding whether violation of that order may result in dismissal. *See, e.g., Identiseal Corporation of Wisconsin v. Positive Identification Systems, Inc.,* 560 F.2d 298, 301 (7th Cir.1977) (district court's dismissal based on plaintiff's failure to file court-ordered pretrial report can be upheld only if it was within court's authority to compel plaintiff to conduct discovery which would provide the facts to be contained in the pretrial report); *McCargo v. Hedrick,* 545 F.2d 393, 396–402 (4th Cir.1976) (reversing dismissal in part because violated order was premised on invalid local rule); *J.F. Edwards Construction Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1325 (7th Cir.1976) (because Rule 16 does not authorize court to order parties to stipulate facts, sanctions for failure to so stipulate are not available); *see also Titus,* 695 F.2d at 752 (Fullam, J., concurring) (dismissal for failure to obey requirement of pretrial order is justified only if requirement is reasonable).

Even if dismissal cannot be premised on the violation of an invalid order, the district court's order of dismissal was proper because the court's pretrial order was valid under Fed.R.Civ.P. 16. Rule 16 basically enables trial courts to take steps to improve the efficiency of trials. Hitherto we have not explicitly approved a pretrial order requiring the parties to provide a list of all proposed direct questions and answers. However, we have encouraged attempts by district courts to simplify trials by requiring the parties to submit proposed testimony. *See Miller v. Los Angeles County Board of Education,* 799 F.2d 486, 488 (9th Cir.1986) (order requiring plaintiff to submit proposed questions); *Chapman,* 613 F.2d at 197–98 (order requiring plaintiffs to submit written narrative of direct testimony of each witness). The pretrial order at issue here was designed in that spirit.

Malone has submitted no evidence that the pretrial order was unfair. Because

---

**2.** We have not discussed the fifth dismissal factor: the public policy favoring disposition of cases on their merits. Although this factor

weighs against dismissal, it is not sufficient to outweigh the other four factors, which in this case support dismissal.

both Malone and the Government were required to supply proposed questions and answers, the pretrial order imposed no special burdens or disadvantages on Malone. Nor was the pretrial order unnecessarily or excessively burdensome. We note that another circuit has cautioned that "Rule 16 should not be implemented in such a manner that the pretrial procedure itself is more difficult and time consuming than the actual trial." *McCargo*, 545 F.2d at 401. However, unlike the order at issue in *McCargo*, the pretrial order at issue served a valuable purpose by trying to organize a very disorganized case. We conclude that the pretrial order issued by the trial court in this case was valid.

### III. *Malone's Responsibility for Counsel's Malfeasance*

■ Malone argues that the district court's order of dismissal unfairly punishes her for the misdeeds of her attorney. We have repeatedly rejected such arguments. *See, e.g., Chism*, 637 F.2d at 1332; *Anderson*, 542 F.2d at 526. We acknowledge that the degree of a plaintiff's personal responsibility for malfeasance is relevant to the propriety of dismissal. *See Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir.1985); *see also Reyes*, 800 F.2d at 945. But in light of the egregious nature of the malfeasance at issue here, we cannot conclude that the district court abused its discretion in declining to excuse Malone for the faults of her attorney. As we stated in *Chism*, "district courts cannot function efficiently unless they can effectively require compliance with reasonable rules." *Chism*, 637 F.2d at 1332.

### CONCLUSION

The district court's pretrial order was valid. The court did not abuse its discretion in ordering dismissal with prejudice for Malone's violation of the order.

AFFIRMED.

TANG, Circuit Judge, dissenting:

I respectfully dissent. Dismissal is a harsh sanction and inappropriate in this case because there was relatively little prejudice to the Government and we should honor the general policy favoring disposition on the merits, especially when the district court has failed to consider the feasibility of less drastic sanctions or to warn the plaintiff's attorney of the possibility of dismissal.

We have clearly held that a "district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986). While I agree that the consequences of an attorney's faults or defaults may be visited upon the client, when the sanction is for "deficiencies in the management of litigation," as in this case, I believe a district court nevertheless abuses its discretion when it does not consider alternative sanctions. *In re Hill*, 775 F.2d 1385, 1387 (9th Cir.1985) (per curiam).

I do not share the majority's view that the declaration of mistrial and the pretrial order were attempts at less drastic alternatives to dismissal. The district court imposed the extreme sanction of dismissal because of Malone's attorney's failure to comply with the court's pretrial order. The declaration of mistrial and the pretrial order were not sanctions but efforts to manage the litigation. When the attorney belatedly announced that she would or could not comply with the court's order, the court had a number of options that would not have had such a negative impact on the litigant. It could have considered sanctions against counsel. *See Territory of Guam v. Reyes*, 800 F.2d 940, 945 (9th Cir.1986). Alternatively, because it was still forty-five days before the trial was scheduled to begin, the court could have warned counsel of the possibility of dismissal if she did not immediately make an effort to comply with the order. This court has frequently required a warning prior to dismissal for proper exercise of the district court's discretion. *See Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987); *National Medical Enterprises, Inc.*, 792 F.2d at 913; *Henderson v. Duncan*,

779 F.2d 1421, 1424 (9th Cir.1986); *Mir v. Fosburg,* 706 F.2d 916, 919 (9th Cir.1983) (we cannot approve dismissal when district court did not warn plaintiff that inaction risked dismissal).

The majority indicates that the prejudice to the Government from Malone's late notification of her inability to comply with the order was that the Government had made a diligent effort to comply. There would have been very little prejudice had the court warned Malone and assured compliance. If the court had modified its requirements of Malone it could have reduced the prejudice to the Government of any such change by withholding from Malone full disclosure of the Government's trial strategy.

I would reverse the district court's order because the district judge's "understandable pique [does not] excuse his failure to consider alternative sanctions." *Hamilton,* 811 F.2d at 500.