961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell L. BAILEY, Plaintiff-Appellant,
v.
Michael HENNESSEY, et al., Defendants-Appellees.
 No. 91-16204.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
April 28, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell L. Bailey, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to comply with a court order to file an amended complaint. We review for an abuse of discretion, Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988), and we vacate and remand.
 
 
 3
 On June 6, 1990, Bailey filed a section 1983 complaint seeking money damages and injunctive relief against San Francisco County Jail officials Quinn, Hennessey, Cook, and Threets. On November 15, 1990, the district court dismissed the claims for injunctive relief as moot because Bailey had been transferred, dismissed certain claims as frivolous, and dismissed other claims as duplicative of a separate, ongoing action. The district court also determined that Bailey stated a claim for damages against defendant Quinn, granted Bailey leave to proceed in forma pauperis, and ordered service of the complaint on defendant Quinn. The district court also gave Bailey thirty days to amend his complaint to allege personal participation by defendants Hennessey, Cook, and Threets and to name the defendants involved with his mail tampering claim. The district court warned him that if he failed to amend, the mail tampering claim and the three defendants would be dismissed from the action with prejudice.
 
 
 4
 On March 5, 1991, the district court gave Bailey until March 22, 1991 to file an amended complaint naming the defendants involved in the mail tampering and showing personal participation by defendants Hennessey, Cook, and Threets. The district court again warned Bailey that failure to file an amended complaint would result in dismissal of these claims and defendants with prejudice. The district court also noted that the United States Marshal had tried to serve Quinn at the wrong address and ordered that service of the complaint and all district court orders be made on Quinn at the proper address.
 
 
 5
 On July 6, 1991, the district court dismissed the entire action with prejudice for failure to name the defendants involved in the mail tampering claim and to file amended claims against defendants Hennessey, Cook, and Threets.
 
 
 6
 The district court acted within its discretion by dismissing these claims and defendants with prejudice for failure to comply with a court order to file an amended complaint. See Malone, 833 F.2d at 130. In its order, however, the district court dismissed the entire action. When it dismissed the entire action, it apparently overlooked its November 15, 1990 and March 5, 1991 orders allowing the claim against defendant Quinn to go forward. The prior orders also stated that failure to file amended claims regarding the mail tampering and defendants Hennessey, Cook, and Threets would result only in dismissal of those claims and defendants, not in dismissal of the entire action. Because these orders conflict with the district court's July 6, 1991 order dismissing the entire action, we remand to the district court to give it an opportunity to resolve the conflict.
 
 
 7
 On appeal, Bailey raises additional civil rights claims not raised in the district court. Because no extraordinary circumstances warrant review of these claims for the first time on appeal, we decline to consider them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argu ment. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3