972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. MOULTON, Plaintiff-Appellant,
v.
Kenneth C. CORY, Defendant-Appellee.
 No. 91-16485.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard E. Moulton appeals pro se the district court's dismissal of his diversity action against his former attorney for failure to attend a scheduled deposition. We review for an abuse of discretion, Fjelstad v. American Honda Motor Corp., 762 F.2d 1334, 1337 (9th Cir.1985), and we affirm.
 
 
 3
 If a party fails to appear at a noticed deposition, a district court may impose sanctions, including dismissal. See Fed.R.Civ.P. 37(d). A district court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (citing National Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to ... [the party seeking sanctions]; the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 656 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988)).
 
 
 4
 Moulton missed two scheduled depositions without giving Cory notice that he could not attend. After he missed the first deposition, the district court declined to grant Cory's motion to dismiss and instead required Moulton to pay the costs of the deposition and $300 attorney's fees. After Moulton missed the second deposition, the district court applied the five-part Malone test and dismissed the entire action. The district court did not abuse its discretion by imposing sanctions and ultimately dismissing the action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3