21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph W. SEARS, Plaintiff-Appellant,
v.
SACRAMENTO COUNTY AND MANAGEMENT; William McLeod; Douglas
Fraleigh; Gerald Pauly, et al., Defendants-Appellees.
 No. 93-17066.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph W. Sears appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal of his action for failure to follow the court's orders to shorten his complaint and to file his complaint in compliance with Fed.R.Civ.P. 8. We review a Rule 41(b) dismissal for an abuse of discretion. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Here, the district court twice warned Sears to file a complaint in compliance with Rule 8. Nonetheless, Sears filed a second amended complaint and a third amended complaint that did not comply with the district court's orders. Sears' third amended complaint was 57 pages in length with over 30 pages of exhibits. Sears filed this complaint even though the district court's order had admonished him to try to state his claims in fifteen pages or less. The order also warned Sears that failure to comply with Rule 8 would result in dismissal with prejudice. Consequently, Sears' third amended complaint was dismissed with prejudice under Rule 41(b) for failure to comply with the court's orders.
 
 
 4
 The district court did not abuse its discretion in dismissing this action. Ordinarily, the district court must weigh five factors before dismissing a case for failure to obey a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). If the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. Id. We find no abuse of discretion upon a weighing of these five factors.
 
 
 5
 A. Expeditious Litigation and Docket Management
 
 
 6
 Sears' case was pending in the district court for two years before the district court dismissed Sears' action for failure to comply with its orders. Therefore, the first two factors weigh in favor of dismissal.
 
 B. Prejudice to Defendants
 
 7
 To show prejudice, the defendants must show that the plaintiff's actions interfered with their ability to proceed to trial or interfered with the rightful decision of the case. See id. at 131. The defendants argue that it would be "unfair to the numerous defendants in this action to further delay a resolution of this unmeritorious action, particularly in light of plaintiff's continuing refusal to state his claims in conformity with Rule 8 and Court orders." The prejudice factor from the two-year delay weighs in favor of the defendants, although only slightly. Cf. Citizens Utils. Co. v. American Tel. & Tel., 595 F.2d 1171, 1174 (9th Cir.) (presumed and actual prejudice resulted from 16 year delay), cert. denied, 444 U.S. 931 (1979).
 
 C. Consideration of Less Drastic Sanctions
 
 8
 The following considerations are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal for failure to prosecute. See Malone, 833 F.2d at 132.
 
 
 9
 Here, the record shows that the district court not only considered, but implemented alternatives prior to dismissal. First, the district court gave Sears two opportunities to amend his complaint, with instructions about the deficiencies in his complaint. Second, the district court warned Sears that failure to follow the court's orders would result in dismissal with prejudice. In these circumstances, we find no abuse of discretion under this factor.
 
 
 10
 D. Public Policy Favoring Disposition on the Merits
 
 
 11
 The fifth factor almost always weighs against dismissal. Nonetheless, it does not outweigh the other four factors. Accordingly, the district court did not abuse its discretion by dismissing this action for failure to follow the court's orders. See Oliva, 958 F.2d at 274.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sears also contends that the district court abused its discretion by failing to appoint counsel to represent him. This contention lacks merit
 Appointment of counsel under section 28 U.S.C. Sec. 1915(d) is left to the sound discretion of the trial court and is appropriate only in "exceptional circumstances" where the legal issues are complex. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Because this case does not involve exceptional circumstances, the district court did not abuse its discretion by declining to appoint counsel. See id.