48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TARGET MARKETING CORP. Plaintiff-Appellant,
v.
AT & T CO. Defendant-Appellee.
 No. 93-56091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided Feb. 27, 1995.
 
 1
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Target Marketing Corporation appeals the district court's order imposing issue sanctions against it that deemed established defendant AT & T's seventh affirmative defense, and prohibited Target from introducing any evidence on the amount of damages it had allegedly suffered as a result of AT & T's blockage of its "900" number. We affirm.
 
 DISCUSSION
 
 4
 1. Federal Rule of Civil Procedure 37(b)(2) provides for the imposition of issue sanctions. Target doesn't deny its bad faith but argues that the sanctions were improper because AT & T suffered no prejudice from Target's failure to comply with the order compelling production of documents and the sanctions were overly harsh. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991). Delay alone has been held to be insufficient prejudice; "[f]ailure to produce documents as ordered, however, is considered sufficient prejudice." Id. Further, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988).
 
 
 5
 Target argues that its eventual production of the documents prevented AT & T from being prejudiced. However, the district court correctly found that Target in fact did not produce all of the requested documents, regarding prizes[1] and damages, and that the unexcused delay was prejudicial. It was not an abuse of discretion for the district court to respond to those drawn-out failures to produce by establishing AT & T's seventh affirmative defense, and prohibiting Target from introducing any evidence of its damages. See United States v. National Medical Enters., Inc., 792 F.2d 906, 910-11 (9th Cir.1986) (sanction must be just and must specifically relate to the particular claim at issue in the order).
 
 
 6
 Target does try to mitigate its bad faith by saying that it was diverted from production of documents because of "extensive" settlement discussions. That is not borne out by the facts. Target's next claim--that the person with the most knowledge of the documents and the requests they related to was in Mexico trying to start a new business during January and February of 1993 and was thus unable to assist in document production--appears to be excogitated. The excuse was not mentioned until its opposition to AT & T's motion for further sanctions; and the magistrate judge found it to be "wholly frivolous." Certainly, the district court did not clearly err when it found that Target's consistent failure to comply with the order to compel was intentional, deliberate, and intended to cause delay.[2]
 
 
 7
 Target's final argument, that because it got only one warning (the order compelling discovery) the district court should not have imposed such harsh sanctions against it, is without merit. We decline to hold that issue sanctions are not appropriate unless a disobedient party has received multiple warnings from the district court. That would thwart Rule 37's purpose of encouraging prompt compliance with and enforcement of discovery orders. See Fed.R.Civ.P. 37 advisory committee's note, 1970 amend. At any rate, Target did receive "warnings" before issue sanctions were imposed: not only did AT & T repeatedly tell Target that if documents were not produced, it would seek sanctions, but also the magistrate judge had ordered Target to pay monetary sanctions in the amount of $507.00 when he issued the ignored order compelling discovery. We cannot say that the imposition of issue sanctions was overly harsh or an abuse of discretion in this egregious case. See Adriana, 913 F.2d at 1412-14.
 
 
 8
 2. AT & T requests attorneys' fees and double costs on this appeal, pursuant to Federal Rule of Appellate Procedure 38. An appeal is frivolous if the result is obvious or if the appellant's arguments are totally without merit. See Hyde & Drath v. Baker, 24 F.3d 1162, 1172-73 (9th Cir.1994). Although the result of this appeal appears fairly obvious, given the severity of the sanctions and this court's receptiveness to attacks on sanctions, we hold that this appeal is not itself frivolous. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1364 (9th Cir.1994) (per curiam) (although sanctions awarded by district court were appropriate, given the amount of the sanctions, appeal was not frivolous), petition for cert. filed, 63 U.S.L.W. 3574 (U.S. Jan. 9, 1995) (No. 94-1246). The sanctions imposed by the district court, although not monetary, were still severe from Target's point of view. They ultimately resulted in the dismissal of its case. To appeal that result could not in fairness be said to be frivolous.
 
 
 9
 AFFIRMED. AT & T's request for attorneys' fees and double costs is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We recognize Target's claims that it did produce 15 computer diskettes responsive to Request 17 and delivered them to AT & T on April 5, 1993 (nearly four months after the motion to compel had been granted). However, the information on the diskettes was not translatable into a usable form and there were no instructions given as to how to extract the information from the diskettes. The actual content of the diskettes is still unknown
 
 
 [2]
 By the time the district court imposed issue sanctions, Target had had nearly twelve months to comply with AT & T's Requests for Production, and it had been in dereliction of the order compelling production for nearly six months