86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmond Lee FULLER, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Sherman Block; Kenneth Bickerstaff,
Defendants-Appellees.
 No. 94-56416.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided May 22, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On June 7, 1988, plaintiff Edmond Fuller was bitten by a police dog during his arrest by Los Angeles County deputy sheriffs for auto theft. On March 30, 1990, Fuller filed an action under 42 U.S.C. § 1983 in federal district court against the arresting deputies, Sheriff Sherman Block and Los Angeles County, for damages arising out of the arrest. His complaint alleged violations on various state and federal grounds, including the use of excessive force in violation of the Fourth Amendment.
 
 
 4
 Fuller's case came to trial in June 1994. The district court exercised its authority under Fed.R.Civ.P. 42(b) and bifurcated the case, so that the first phase of the trial would address the excessive force claim against the individual deputies, and the second phase the claim, based on Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), that the Sheriff and county maintained an unconstitutional policy involving the use of police dogs. The court then excluded from the first phase any evidence relating to the Monell claim, reasoning that if the jury found that the individual deputies committed no constitutional transgressions, then the sheriff and county would be absolved, as a matter of law, from any liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573 (1986). Fuller, in an attempt to circumvent the district court's bifurcation and evidentiary rulings, voluntarily moved to dismiss the individual deputies so that he could offer evidence of the Sheriff and county's policy during the first phase. The court warned him that if these individuals were dismissed, it would dismiss the case against the Sheriff and county as well. Fuller did not withdraw his motion, and the court granted it and dismissed the remainder of the case.
 
 
 5
 Fuller subsequently filed motions under rules 59(a) and 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration of 1) the bifurcation order, 2) the dismissal of his case against the Sheriff and county, and 3) the granting of his motion to voluntarily dismiss deputy Kenneth Bickerstaff, one of the deputies who had allegedly used excessive force. The district court denied the motions. Fuller appeals on the same grounds raised in the motion for reconsideration. We affirm.
 
 
 6
 First, plaintiff argues that the district court abused its discretion when it bifurcated the trial. See Davis v. Macon County, 927 F.2d 1473, 1479 (9th Cir.), cert. denied, 502 U.S. 899 (1991). However, we rejected a similar contention in a decision filed today. See Quintanilla v. City of Downey, No. 94-56550 (9th Cir.1996). Contrary to plaintiff's assertions, he was not denied adequate notice of the bifurcation. Plaintiff had already prepared and submitted a response to defendants' prior motion for bifurcation. If he was unprepared to try a bifurcated case, he could have sought a continuance. The court's bifurcation order was not an abuse of discretion.
 
 
 7
 Second, the district court also did not abuse its discretion when it dismissed all of the claims against the Sheriff and county upon plaintiff's voluntary dismissal of the individual deputies. See Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). The record clearly reveals that the court dismissed the Monell claims because plaintiff was trying to circumvent the district court's bifurcation in order to try Monell claims without proving a violation of his rights by the individual police officers. See Quintanilla. The district court's dismissal under these circumstances was not an abuse of discretion.
 
 
 8
 Third, the district court did not abuse its discretion in denying plaintiff's rule 60(b) motion. See In Re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir.1987). Plaintiff argues that the district court should have set aside its order granting his motion to dismiss deputy Bickerstaff. He asserts that he sought dismissal only because the court erroneously excluded evidence of dog bite injuries suffered by victims in other cases. However, under Heller, the district court's order excluding this evidence from the first phase of trial was not an abuse of discretion. See Quintanilla; City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995). Its denial of the rule 60(b) motion was, therefore, similarly not an abuse of discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3