87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard ROMERS, Plaintiff-Appellant,
v.
Bennie ROLLINS, Deputy Warden; CSO-I McCauley, Guard Doc;
Sgt. Martinez, Guard Doc; CSO-I Andrews, Guard Doc; M.
Urquides, CSO-I Guard Doc; and All Guards at the Arizona
State Prison at Santa Cruz Unit, Perryville, Defendants-Appellees.
 No. 95-16812.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Romers, an Arizona state prisoner, appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action for failure to file a declaration of in forma pauperis status. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal for failure to obey a court order for abuse of discretion, Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988), and we affirm.
 
 
 3
 The district court did not abuse its discretion by dismissing Romers's action because he failed to comply with an order directing him to file a completed declaration in support of a request to proceed in forma pauperis within thirty days. See id. Romers did, however, file a completed declaration form six days after his action was dismissed without prejudice. Accordingly, the district court should treat the completed declaration form together with Romers's complaint as the filing of a new action.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal