145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 43
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Alan Ross ROTHERY, Debtor.
Michael Leight, Appellant,
v.
Weneta M.A. Kosmala, Trustee, Appellee.
 No. 96-56589.
D.C. No. CV-96-05633-CBM.
 United States Court of Appeals, Ninth Circuit.
 Argued April 6, 1998.
Submitted April 13, 1998.
Decided May 1, 1998.
 
 Appeal from the United States District Court for the Central District of California, Consuelo B. Marshall, District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the district court's dismissal of Leight's appeal for non-compliance with non-jurisdictional bankruptcy rules for an abuse of discretion. In re Fitzsimmons, 920 F.2d 1468, 1471 (9th Cir.1990). We overturn a district court dismissal only where there is "a definite and firm conviction that [the dismissal] was clearly outside the acceptable range of sanctions." Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987) (citation omitted). We affirm.
 
 
 3
 We require a district court to find either that the moving party suffered prejudice or that the offending party acted in bad faith before dismissing an appeal for failure to comply with procedural bankruptcy rules. See Fitzsimmons, 920 F.2d at 1472-73; Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707 (9th Cir.1986). The trustee acknowledges that he suffered no prejudice as a result of Leight's non-compliance with Rule 8006 but the district court found Leight's conduct to have been in bad faith. The court distinguished In re Winner, where the Sixth Circuit held that an appellant's late filing of the designation of issues could not justify dismissal of the appeal in the absence of bad faith. In re Winner Corp., 632 F.2d 658, 660 (6th Cir.1980). The district court noted that, "unlike Winner," where there was no evidence of bad faith, "the appellant here did not comply with the rule on his own initiative; he attempted to fulfill his obligations only after the motion to dismiss was filed." The district court explicitly rejected Leight's claim that his failure to submit the statement of issues for appeal was mere "oversight," explaining that Leight "is experienced at filing appeals in the bankruptcy courts and surely was aware of the process." The court's discussion of Winner reveals its conclusion that Leight's failure to perfect his appeal in accordance with Rule 8006 was in bad faith and therefore justified dismissal.
 
 
 4
 The fact that Leight took steps to perfect the appeal when faced with a motion to dismiss does not necessarily evidence good faith. Once the trustee's motion to dismiss had been filed, Leight faced certain dismissal if he continued to disregard the deadlines. Even an attorney who had been acting in bad faith would attempt to take this last opportunity to perfect his appeal before facing certain dismissal. Further, non-payment of court-ordered sanctions would have subjected Leight to collection efforts by the trustee. That he wanted to avoid such efforts does not indicate good faith. We find no abuse of discretion in the conclusion that Leight's initial non-compliance with Rule 8006 was in bad faith.
 
 
 5
 Leight also claims that the district court erred by referring to: 1) the eleven other appeals pending in this matter; 2) the fact that he had been sanctioned previously in this case; and 3) his "personal attack" on the bankruptcy judge during a previous proceeding. This information, however, was relevant to the district court's determination of bad faith. The fact that so many parallel appeals were being entertained indicated that Leight should have been familiar with the procedural rules for appealing a bankruptcy court's order. Further, the existence of the other appeals, three of which were appeals of sanctions, as well as the sanctions imposed for discovery violations, could properly be deemed to reflect a continuing pattern of behavior evidencing bad faith. See Chambers v. NASCO, Inc., 501 U.S. 32, 56-57, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (sanctions appropriate for behavior that is part of a scheme of delay or abuse, even where abusive or dilatory conduct has occurred in different proceedings or before different tribunals). Reliance upon such a pattern of behavior does not constitute an abuse of discretion. Id.
 
 
 6
 Leight further argues that the district court erred by basing its dismissal on the poor quality of his statement of issues on appeal. This argument indicates a misunderstanding of the district court's analysis. The district court was not independently basing its dismissal upon the quality of the statement of issues. It was the failure to comply with Bankruptcy Rule 8006 that provided the basis for dismissal. Whether the failure to comply with Rule 8006 was in bad faith necessarily preceded dismissal of the appeal. See In re Fitzsimmons, 920 F.2d at 1473. Reliance on the incomplete and evasive quality of the statement of issues on appeal was not error.
 
 
 7
 Leight argues that the district court erred in addressing the merits of his appeal from the bankruptcy court's sanctions order. Although the district court stopped short of finding Leight's appeal to be frivolous, it did conclude that the appeal was highly unlikely to succeed on the merits. Further, the remaining four factors considered by the district court are more than sufficient to support its finding of bad faith. Dismissal properly followed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3