Ronald TEAL, Plaintiff–Appellant,

v.

John VARGO; et al., Defendants–
Appellees.

No. 99–36217.

D.C. No. CV–97–00486–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Ronald Teal, a federal prisoner, appeals pro se the district court's summary judgment dismissing his second amended complaint brought under 42 U.S.C. §§ 1983 and 1985, Title VII, 42 U.S.C. § 2000e–2, and the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34. Teal limits his appeal to his claims under section 1983 for deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Teal contends that the district court erred in granting summary judgment on behalf of Dr. Stoune and in construing his "narrative summary for second addition, amended complaint" as his second amended complaint, thus removing defendants Allen and Murphy from the action. We review de novo a grant of summary judgment. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Teal failed to provide any specific evidence of acts or omissions by Dr. Stoune sufficiently harmful to demonstrate deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 129 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). He thus has not established a disputed issue of material fact regarding the constitutional adequacy of his medical care.

Because Teal's "narrative summary" was the only document in the district court's possession two months after leave to amend was granted, the district court's minute order construing the "narrative summary" as Teal's second amended complaint was a reasonable alternative to dismissal. *See* Fed.R.Civ.P. 41(b) (authorizing dismissal if plaintiff fails to prosecute his or her case); *Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). Teal waived his claims against Allen, Murphy, and other defendants named in his original and first amended complaints by failing to state claims against them in his second amended complaint, even after another thirty-day leave to cure deficiencies was granted.

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.