Kathy GRISMORE, Plaintiff—Appellant,

v.

KENNETH EISEN & ASSOCIATES, LTD., Defendant—Appellee,

and

Mary Bertram, Defendant.

No. 08–16028.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathy Grismore, Tempe, AZ, pro se.

Cynthia Lee Fulton, Fulton Friedman & Gullace LLP, Phoenix, AZ, for Defendant–Appellee.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Kathy Grismore appeals pro se from the district court's judgment dismissing her action as a sanction under Federal Rules of Civil Procedure 37(b) and 41(b) for failure to comply with a discovery order. Grismore also appeals from the judgment awarding attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (discovery rulings); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987) (dismissal); *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 933 (9th Cir.2007) (per curiam) (attorneys' fees). We affirm.

The district court did not abuse its discretion by granting defendant's motion to compel discovery responses because the information sought was relevant to the claims and defenses. *See* Fed.R.Civ.P. 26(b)(1) (describing permissible discovery); *Hallett,* 296 F.3d at 751 (stating that broad discretion is vested in the trial court to permit discovery).

The district court did not abuse its discretion by dismissing the action because Grismore failed to comply with a discovery order after the district court warned her that noncompliance could result in dismissal, and she failed to appear at the hearing on the order to show cause why the action should not be dismissed. *See Malone,* 833 F.2d at 130, 132 (setting forth factors that a district court must consider before dis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing an action for failure to comply with a court order).

◼ We do not consider Grismore's challenge to the award of $1,515.50 in attorneys' fees and costs under Rule 37 because Grismore did not oppose defendant's request in the district court. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (declining to consider argument raised for the first time on appeal).

The district court did not abuse its discretion by awarding attorneys' fees under 15 U.S.C. § 1692k(a)(3).

Grismore's remaining contentions are unavailing.

**AFFIRMED.**