MEMORANDUM ***
Dan Tuando appeals the district court’s denial of his motion for an extension of *214 time to file a notice of appeal and dismissal of his case for failure to comply with court orders.
Although the parties do not raise this precise issue in their briefs, our threshold inquiry is whether Tuando’s appeal is in fact timely, given that the district court did not enter a separate judgment on the order dismissing Tuando’s § 1983 suit. A judgment is not “entered” for notice of appeal purposes until a separate document has been filed, or 150 days have passed since the order was entered. Fed.R.Civ.P. 58(c)(2)(B); Fed. RApp. P. 4(a)(7)(A)(ii). Accordingly, because the district court did not enter a separate judgment on the November 20, 2007 dismissal order, that order did not constitute a final judgment until April 18, 2008. Tuando filed his notice of appeal on April 18, 2008. Thus, Tuando’s appeal is timely, and the district court’s denial of Tuando’s motion for an extension of time to file a notice of appeal is moot. Any remaining confusion as to the district court’s docket sheet is resolved in Tuando’s favor. See United States v. Depew, 210 F.3d 1061, 1065 (9th Cir.2000).
As to the merits of Tuando’s appeal, Tuando contends the dismissal was improper under the so-called Malone factors: “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.” Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (internal quotation marks omitted). Here, “[bjecause the district court did not explicitly consider the five dismissal factors ..., we must review the record independently to determine whether the order of dismissal was an abuse of discretion.” Id. at 130.
We find no abuse of discretion on this record. Tuando repeatedly failed to file pretrial documents, was unavailable for his deposition, and refused to cooperate with the defendants in response to legitimate discovery requests. Significantly, the district court warned Tuando — twice— that his failure to comply with court orders could result in the dismissal of his case. Cf. id. at 133 (“Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal.”). Therefore, our independent evaluation of the dismissal factors convinces us the district court’s order was not an abuse of discretion.
AFFIRMED.

 jjjjg disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.