NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SARKIS ANTABIAN,<br><br>             Debtor,<br>_____<br><br>SARKIS ANTABIAN,<br><br>             Appellant,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>             Appellee. | No.    17-60002<br><br>BAP No. 16-1085<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Faris, Bankruptcy Judges, Presiding

Submitted February 6, 2018**
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and PRATT,*** District
Judge.

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

        ***     The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

Sarkis Antabian appeals a judgment by the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), which affirmed the bankruptcy court's dismissal of Antabian's adversary complaint against Wells Fargo Bank, N.A. ("Wells Fargo") under Federal Rule of Civil Procedure 41(b).[1] We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

1.    We agree with Antabian and the BAP that the sale of the subject property during the pendency of Antabian's appeal to the BAP does not render the case moot. As the BAP pointed out, "the foreclosure sale generated cash proceeds, which were paid to Wells Fargo," and "[t]he issue of Wells Fargo's entitlement to those proceeds remains a live controversy."

2.    We "review[] decisions of the BAP de novo and appl[y] the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Deitz*, 760 F.3d 1038, 1039 (9th Cir. 2014) (order). We review a dismissal under Rule 41(b) for abuse of discretion. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (en banc). Although dismissal is a harsh penalty, "we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.*

---

[1]    Antabian also appealed from a separate, but identical BAP judgment. The other case, No. 17-60001, is resolved by a separate memorandum disposition.

(quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The bankruptcy court applied the correct legal standard under Rule 41(b). *See In re Phenylpropanolamine*, 460 F.3d at 1226 (discussing factors a court should consider in determining whether to dismiss under Rule 41(b)). The bankruptcy court made explicit findings as to each of the essential factors, concluding that four of the five factors weighed in favor of dismissal. The court's analysis of the relevant factors is reasonable and supported by the record. Although the facts do not compel dismissal, the bankruptcy court did not abuse its discretion in electing to do so.[2]

AFFIRMED.

---

[2]     Because Wells Fargo's motion to dismiss and the bankruptcy court's order were based on Rule 41(b), we reject Antabian's argument that the dismissal of his adversary complaint is governed by Rule 37, instead of Rule 41(b).