24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Toney A. JOHNSON, Plaintiff-Appellant,
v.
James ROWLAND, Director, Defendant,
L.C. Gunn; L. Murcavitch, Defendants-Appellees.
 No. 92-16854.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.*
Decided May 2, 1994.
 
 1
 Before: NORRIS and O'SCANNLAIN, Circuit Judges; COUGHENOUR,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Toney Johnson appeals the district court's dismissal under Federal Rule of Civil Procedure 41(b) of his section 1983 suit against prison officials.
 
 
 4
 * In deciding whether to dismiss a complaint for failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). The district court does not need to consider explicitly these factors in its order. Id.
 
 
 5
 The first two factors weigh in favor of dismissal since Johnson's failure to meet the deadline contributed to the court's inability to maintain its trial schedule. Id. at 131.
 
 
 6
 The failure by the state also to meet the deadline means that the third factor--prejudice to the defendant caused by the plaintiff's actions--does not weigh in favor of dismissal. Id.
 
 
 7
 The fourth factor--public policy favoring disposition of cases on their merits--weighs against dismissal.
 
 
 8
 The fifth factor requires the district court to consider alternative sanctions before dismissing. Id. The court can satisfy this requirement by discussing alternative sanctions, implementing alternative sanctions, or warning of the possibility of dismissal. Id. at 132.
 
 
 9
 Although the district court did not explicitly discuss alternative sanctions, there is no requirement that the court make findings regarding alternatives. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991). Where "parties discussed alternative remedies in their papers," the appellate court can infer that the district court adequately considered less drastic sanctions. Id.
 
 
 10
 In response to the order to show cause, Johnson asked the district court to reschedule the filing of pretrial statements. Such remedy can be considered an alternative sanction. Malone, 833 F.2d at 132 n. 1 ("Providing plaintiff with a second or third chance following a procedural default is a lenient sanction.") (quotation omitted). Because this alternative sanction was discussed in the parties' papers, we infer that it was considered and rejected by the district court.
 
 
 11
 Finally, a warning can suffice as an alternative sanction, and an explicit warning is not necessary before dismissal. In Malone, we upheld dismissal even though there had not been an explicit warning. We concluded that "a plaintiff can hardly be surprised by a harsh sanction in response to a willful violation of a pretrial order. Rule[ ] ... 41(b) explicitly state[s] that dismissal may be ordered for violation of a court order." Id. at 133. Further, we have ruled that although an express warning is a prerequisite when dismissal is undertaken sua sponte without any notice to the plaintiff, "there is no warning requirement when dismissal follows a noticed motion under Rule 41(b)." Morris, 942 F.2d at 652. The situation here is similar to dismissal after a noticed motion. Although the district court raised the option of dismissal sua sponte, it also ordered Johnson to show cause, thus giving him the same chance to respond that he would have had if the state had moved for dismissal. Therefore, we hold that no explicit warning was necessary.
 
 
 12
 Although the third and fourth factors do not weigh in favor of dismissal, the other three factors favor dismissal. We do not have "a definite and firm conviction that [dismissal] was clearly outside the acceptable range of sanctions." Malone, 833 F.2d at 130.
 
 
 13
 AFFIRMED.
 
 
 14
 Judge NORRIS dissents.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3