34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy MARTIN, Jr., Plaintiff-Appellant,
v.
J.D. SWINSON, Warden; C.E. Floyd, Warden; Larry G. Mayo,
et al., Defendants-Appellees.
 No. 94-15218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy Martin, Jr. appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to comply with the court's order to amend his complaint. We review a Rule 41(b) dismissal for an abuse of discretion. See Olivia v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Martin contends that the district court erred by dismissing his action under Rule 41(b). This contention lacks merit.
 
 
 4
 Ordinarily, the district court must weigh five factors before dismissing a case under Rule 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). As the district court did not explicitly discuss the five dismissal factors, we must review the record independently to determine whether the dismissal was an abuse of discretion. See id. Our independent review of the record convinces us that the dismissal was not an abuse of discretion.
 
 
 5
 A. Expeditious Litigation and Docket Management
 
 
 6
 These first two factors weigh in favor of dismissal. The district court granted Martin three opportunities to amend his complaint. He nevertheless failed to amend his complaint. The district court's interest in expediting litigation and in managing its own docket, when weighed against any further delays, justified the court's dismissal.
 
 B. Prejudice to Defendants
 
 7
 To show prejudice, the defendants must show that the plaintiff's actions interfered with their ability to proceed to trial or interfered with the rightful decision of the case. See id. at 131. The defendants have not alleged that they have been prejudiced. Nevertheless, this factor alone does not outweigh the other factors weighing in favor of dismissal.
 
 C. Consideration of Less Drastic Sanctions
 
 8
 The following considerations are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal for failure to prosecute. See id. at 132.
 
 
 9
 Here, the district court implemented alternative sanctions by giving Martin three opportunities to amend his complaint. The court also warned Martin that failure to comply with the court's order to amend would result in dismissal. Thus, this factor weighs in favor of dismissal. See id.
 
 
 10
 D. Public Policy Favoring Disposition on the Merits
 
 
 11
 The fifth factor generally weighs against dismissal. However, because at least one of the claims raised is duplicative of claims raised in another pending action, dismissal of this particular action is somewhat less prejudicial.
 
 
 12
 Balancing all five of the above Malone factors, we conclude the district court did not abuse its discretion by dismissing this action under Rule 41(b).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3