35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dr. Khairy AREF, Plaintiff-Appellant,
v.
Seth DOUGHERTY; William Diekman; Livio Davanzo; Steven
Wong; et al., Defendants-Appellees.
 No. 93-55210.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Khairy Aref appeals pro se the district court's dismissal of his action pursuant to the Fed.R.Civ.P. 11 and 41(b). We review the district court's dismissal for an abuse of discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 109 S.Ct. 59 (1988). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 This case was originally assigned to District Court Judge Letts in December 1990. On January 21, 1992, Aref's attorney moved to withdraw as counsel for Aref. Another attorney was appointed to represent Aref, and at that time, the court considered, but did not impose sanctions against Aref for possible perjury, practicing without a license, fraud, misrepresentation and abuse of process. Aref agreed not to file his own papers, and to appear only with an attorney before the district court. Aref nevertheless filed a pro se motion for disqualification of Judge Letts in disregard of the court's order. Thereafter, Aref failed to appear at two hearings on an order to show cause why Aref should not be sanctioned for engaging in frivolous and abusive litigation. The district court then dismissed the action without prejudice.
 
 
 4
 "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. The issue is "not whether this court would have, as an original matter, imposed the sanctions chosen by the trial court, but whether the trial court exceeded the limits of its discretion." Halaco Engineering Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). Five factors must be assessed before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone, 833 F.2d at 130.
 
 
 5
 The first two factors, the public's interest in expeditious litigation and the district court's need to control its docket weigh in favor of dismissal. Here, the court determined, after petitioner disregarded various court orders, that the action should be dismissed. Although the defendants have not alleged prejudice from the actions of Aref, this factor alone is not determinative. It is clear from the record that the court considered and implemented less drastic sanctions before dismissal. Additionally, the court warned the plaintiff of the possibility of sanctions if he continued to disregard the court's instructions. The fifth factor, the public policy favoring disposition of cases on the merits, does not weigh in favor of dismissal. Nonetheless, on the whole, the factors support dismissal, and we therefore conclude that the district court's order was not an abuse of discretion. See Malone, 833 F.2d at 130.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we have determined that the district court's dismissal was appropriate under Rule 41(b), we need not consider whether the dismissal was also proper under Rule 11
 Appellant's various motions filed between October 12 and October 15, 1993, are denied.