62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul M. ALLEN, Plaintiff-Appellant,
v.
PORTLAND POLICE BUREAU; L. C. Sweeney and Unnamed Officers,
Defendants-Appellees.
 No. 94-36106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul M. Allen appeals pro se the district court's dismissal for lack of prosecution his 42 U.S.C. Sec. 1983 action alleging that his civil rights were violated when he was arrested by Portland Police Bureau officers for disorderly conduct. We review for abuse of discretion. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir. 1991). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Allen contends that the district court abused its discretion by dismissing his action for lack of prosecution. This contention lacks merit.
 
 
 4
 District courts have an inherent power to control their dockets, and may when appropriate dismiss an action as a sanction. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal citations and quotations omitted). If the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987), cert. denied, 488 U.S. 819 (1988).
 
 
 5
 A. Expeditious Litigation and Docket Management
 
 
 6
 Allen's case was pending for two years before the district court issued an order to show cause why the action should not be dismissed for failure to prosecute. Allen failed to comply with the district court's numerous instructions to amend and serve his complaint in a timely manner. He therefore delayed the resolution of the case and interfered with the court's orderly management of its docket. Moreover, he failed to appear at a June 23, 1994 status conference as ordered by the court. Therefore, the first two factors weigh heavily in favor of dismissal. See Malone, 833 F.2d at 131.
 
 B. Prejudice to Defendants
 
 7
 To show prejudice, the defendants must show that Allen's actions interfered with their ability to proceed to trial or interfered with the rightful decision of the case. See Malone, 833 F.2d at 131. We may presume prejudice here arising from the two year delay in this case. See e.g., Citizens Utils. Co. v. American Tel. & Tel., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).
 
 C. Consideration of Less Drastic Sanctions
 
 8
 The following considerations are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be adequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal for failure to prosecute. See Malone, 833 F.2d at 132.
 
 
 9
 Here, the record shows that the district court considered several alternatives prior to dismissal. The court attempted on several occasions to give Allen directions on how properly to name defendants when filing his complaint. The court also allowed Allen to amend his complaint four times before dismissing his action. Further, the court issued an order to show cause requiring Allen to show cause why his action should not be dismissed for lack of prosecution for failing to lodge a pretrial order as required by the court. At the show cause hearing, Allen was directed to serve defendant L.C. Sweeney with a copy of his fourth amended complaint. The court also set a status hearing for June 23, 1994. When Allen failed to attend the status hearing, the district court dismissed his action for lack of prosecution. Based on the record, we find no abuse of discretion under this factor.
 
 
 10
 D. Public Policy Favoring Disposition on the Merits
 
 
 11
 The fifth factor weighs against dismissal, but does not outweigh the other factors. We cannot conclude that the district court's decision to dismiss Allen's action without prejudice for failure to prosecute was an abuse of discretion. See Morris, 942 F.2d at 652.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Contrary to the defendants' contention, we have jurisdiction over the district court's underlying judgment because Allen's Fed. R. Civ. P. 60(b) motion was filed within ten days from the entry date of the judgment. See Fed. R. App. P. 4(a)(4)(F)