77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Richard KOWALSKI, Plaintiff-Appellant,
v.
OREGON STATE BAR ASSOCIATION; City of Portland; Multnomah
County; Professional Liability Fund; Construction
Contractors Board; Theodore Kulongoski; Barbara Roberts;
Wallace Carson, Jr.; William Richardson; Bill Bradsbury;
Larry L. Campbell; Michael Schrunk; John H. Bradley, Jr.;
Steven A. Todd; Sally Avera; David Broom; Scott Aspaugh;
James Glover; James Nass; Lia Saroyan; Jeff Saprio;
Celene Green; Joseph Ceniceros; Wally Antoni; Mark
Coffey, Defendants-Appellees.
 No. 95-35206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Richard Kowalski, an Oregon state prisoner, appeals pro se the district court's sua sponte dismissal of his action for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Kowalski contends that the district court abused its discretion by dismissing his action for failure to prosecute. We disagree.
 
 
 4
 Where, as here, the district court does not explicitly consider the factors weighing in favor of and against dismissal, we independently review the record to determine whether the order of dismissal was an abuse of discretion. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992).
 
 
 5
 Here, the record reveals that district court did not abuse its discretion by dismissing Kowalski's action for failure to prosecute. Although public policy favors disposition on the merits, and there is no prejudice to the defendants in this case, see id., the remaining factors weigh in favor of dismissal, see id. (stating that the other factors include the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and whether less drastic sanctions were considered). Finally, the magistrate judge expressly warned Kowalski that failure to file an amended complaint within thirty days would result in dismissal of his action. See Malone v. United States Postal Service, 833 F.2d 128, 133 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988) (stating that a warning is sufficient to meet the requirement that the court consider the alternatives and noting that failure to warn has frequently been a contributing factor in decisions reversing orders of dismissal).
 
 
 6
 Accordingly, we affirm the district court's dismissal of Kowalski's action.[1] See Malone, 833 F.2d at 133.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kowalski's request for counsel on appeal is denied because Kowalski failed to show that exceptional circumstances warrant the grant of his request. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)