89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cathryn Gia THOMAS, Plaintiff-Appellant,
v.
The MUNICIPALITY OF ANCHORAGE; Anchorage Telephone Utility,
Defendants-Appellees.
 No. 95-35380.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cathryn Gia Thomas appeals the district court's order dismissing her employment discrimination action for failure to comply with numerous district court orders. See Fed.R.Civ.P. 16(f), 37(b)(2)(C) and 41(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Thomas contends that the district court should not have considered her failure to comply with the district court's orders during the time she was proceeding pro se when dismissing her action. This contention lacks merit.
 
 
 4
 We review a district court's dismissal of an action for failure to comply with a district court order under an abuse of discretion standard. Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1278 (9th Cir.1980). Although dismissal is a harsh penalty imposed only in extreme circumstances, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992), we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions, Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 5
 Here, the district court dismissed Thomas's action after Thomas, represented by counsel, (1) failed to file proposed jury instructions, (2) filed an untimely motion for enlargement of time to file the jury instructions, (3) continued to "stonewall" the defendants with respect to court-ordered discovery, and (4) had not filed a trial brief, due January 10, 1995, by the time the district court issued its March 2, 1995 order. In addition, Thomas's counsel was warned to comply with the court ordered filing deadlines.[1] Because the actions considered by the district court, which occurred after Thomas retained counsel, provided ample support for the dismissal, we need not consider Thomas's argument that the district court improperly considered Thomas's noncompliance before her retention of counsel when dismissing her action.
 
 
 6
 Accordingly, the district court's dismissal is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Thomas's counsel has informed the court that Thomas has died. Because we dispose of Thomas's case on the merits, any motion to substitute plaintiffs is moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to her retention of counsel, Thomas repeatedly failed to comply with the district court's orders. In part, Thomas failed to file a status report as ordered by the court, filed an untimely amended complaint, ignored a court order to appear at her own deposition, refused to accept defense letters or return defense phone calls, and thwarted discovery to such an extent that the district court imposed sanctions. Thomas was warned that her continued noncompliance would result in dismissal