**Lorrilla HILL, Plaintiff—Appellant,**

v.

**BAYER CORPORATION,
Defendant—Appellee.**

No. 04–35518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.*

Decided Feb. 15, 2006.

Dominique D. Michel, Miller & Associates, Alexandria, VA, for Plaintiff–Appellant.

Randolph Wood, Esq., C. Joyce Hall, Frank A. Wood, Jr., William F. Goodman, III, Esq., Watkins & Eager,Jackson, MS, for Defendant–Appellee.

Before: LEAVY, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Lorrilla Hill appeals the district court's dismissal of her action against Bayer Corporation with prejudice for failure to comply with discovery obligations under Case Management Orders (CMO) 6 and 6A. We vacate the dismissal and remand for further proceedings.

The district court exercised its discretion to impose the sanction of dismissal based solely on a finding that Hill had "not submitted fact sheets to date." However, the record shows that the PPA manufacturers received Hill's fact sheet no later than December 1, 2003, nearly six months prior to the district court's dismissal order. We thus conclude that the finding that was the basis for dismissal was clearly erroneous.

A district court's determination to dismiss a case for failure to comply with a court order is guided by the *Malone* factors. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (setting forth five factors). Though we may review the record independently to decide whether the district court abused its discretion, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) (as amended), here the district court did not exercise its discretion based on Hill's service of a fact sheet on December 1, 2003. Absent such an exercise of discretion, we decline to substitute our judgment for that of the district court to review in the first instance whether the *Malone* factors would support dismissal based on these facts. On this record, we cannot say whether the district court would have exercised its discretion to dismiss Hill's case, had it understood that Hill had already complied with CMO 6 by December 1, 2003. Expressing no view as to the propriety of the dismissal, we remand the matter to the district court for reconsideration of the dismissal in light of the fact that Hill served a fact sheet on December 1, 2003.

VACATED and REMANDED.

---

* We are submitting and deciding the appeals of the *Allen* (No. 04–35370), *Anderson* (No. 04–35562) and *Clinton* (No. 04–35621) parties in this consolidated appeal separately.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.