Aaron ANDERSON; Tinker
& Anderson Publishing,
Plaintiffs–Appellants,

v.

Janet JACKSON, individually and d/b/a
Black Ice Publishing Virgin Records
America, Inc.; Flyte Tyme Tunes, Inc.,
e/s/a Flyte Tyme Productions, Inc.;
Jimmy Jam, a/k/a James Harris III;
Terry Lewis; EMI April Music, Inc.;
Black Doll Inc., Flyte Tyme Tunes,
Inc., Defendants–Appellees.

No. 07–55136.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed June 18, 2008.

Terry Larrabee, Esq., Law Offices of
Terry Larrabee, San Jose, CA, for Plain-
tiffs–Appellants.

Susan Allison, Jeffer Mangels Butler &
Marmaro LLP, Los Angeles, CA, for De-
fendants–Appellees.

Before: TROTT, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiffs Aaron Anderson and Tinker & Anderson Publishing ("Plaintiffs") appeal the district court's dismissal of their claim for failure to prosecute and denial of their Federal Rule of Civil Procedure 60(b)(6) motion to vacate that judgment. As the parties are well aware of the facts of this case, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## A. Dismissal of Plaintiffs' Claim.

██ We "review the record independently to determine if the district court has abused its discretion" in dismissing a case for failure to prosecute. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987). "A district court must weigh five factors in determining whether to dismiss a case for failure to [prosecute]." *Id.* The first two factors relate to the efficient and expeditious resolution of litigation and weigh in favor of dismissal. As to the third factor, we have "no doubt" that Plaintiffs' repeated failures to comply with the pretrial orders prejudiced Defendants. *See id.* at 131. As to the fifth factor, the district court gave Plaintiffs' counsel numerous warnings and then imposed a lesser sanction—striking of a witness—before dismissing the case. Because four factors support dismissal, we conclude that the district court did not abuse its discretion in ordering Plaintiffs' case dismissed. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir.1998).

## B. Denial of Plaintiffs' 60(b)(6) Motion.

We review the denial of Rule 60(b) motions for abuse of discretion. Under this standard, we can reverse only if a district court does not apply the correct law, rests its decision on a clearly erroneous finding of material fact, or applies the correct legal standard in a manner that results in an abuse of discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir.2006) (internal citation and quotation marks omitted). "Judgments are not often set aside under Rule 60(b)(6).... Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion." *Id.* at 1103 (internal quotation marks and citations omitted). As this case was dismissed with prejudice, Plaintiffs have demonstrated injury.

██ This leaves only the question of whether the district court abused its discretion in finding Plaintiffs failed to demonstrate circumstances beyond their control that prevented them from properly proceeding. Mr. Anderson's own declaration reports that he began to question Attorney Keen's ability to represent him in mid-July 2006, nearly four months before the case was dismissed. The same declaration states that Mr. Anderson attempted to replace Keen with new lead counsel but "despite [his] efforts and strong recommendations [Keen] refused to pass the reins over to potential new counsel." These facts, along with other evidence in the record, illustrate that Plaintiffs had more than an "inkling" of Keen's failures. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1171 (9th Cir.2002). They also lead

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

us to conclude that the district court's findings were not clearly erroneous and its denial of Plaintiffs' 60(b)(6) motion was not an abuse of discretion.

**AFFIRMED.**