**Joseph PUCKETT, Plaintiff–Appellant,**

v.

**Jerry DYER; et al., Defendants–Appellees.**

**No. 08–15463.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Joseph Puckett, Fresno, CA, pro se.

Erica Camarena, Esquire, Rosemary T. McGuire, Esquire, Weakley, Ratliff, Arendt & McGuire, L.L.P., Fresno, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Joseph Puckett appeals pro se from the district court's orders granting the defendants' motion to dismiss his complaint, with prejudice, for failure to comply with court orders and denying Puckett's motion for reconsideration in his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion both the dismissal of a complaint for failure to comply with a court order, *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987), and the denial of a reconsideration motion, *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

■ The district court did not abuse its discretion by dismissing the complaint in light of Puckett's failure to comply with numerous discovery orders despite earlier sanctions and warnings that failure to comply could result in dismissal of the case. *See* Fed.R.Civ.P. 37(b)(2)(A) (permitting dismissal of action where a party has failed to comply with court's discovery orders); *Malone*, 833 F.2d at 130 (holding that dismissal is appropriate where failure to comply with court's orders prejudiced the defendants and burdened both the court's docket and the public interest in speedy

litigation, and the district court considered less drastic sanctions and warned the plaintiff before dismissal).

■ The district court also did not abuse its discretion in denying Puckett's motion for reconsideration given that the motion presented no pertinent new evidence, law, or demonstration of clear error. *See Sch. District No. 1J, Multnomah County*, 5 F.3d at 1263 (reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or if there is an intervening change in controlling law).

Puckett's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

