**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM S. PRICE, | No. 10-16924 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00113-CKJ |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE and McKEOWN, Circuit Judges.

William Price, a federal prisoner, appeals pro se from the district court's

dismissal without prejudice of his action brought under the Freedom of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Information Act and the Privacy Act. The district court dismissed after Price failed to comply with the court's order requiring him to submit an amended complaint and the court's service packet. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and we affirm.

The district court may dismiss an action for failure to comply with any order of the court. *See* Fed. R. Civ. P. 41(b). A trial court's dismissal under Rule 41(b) will not be disturbed unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors*." Ferdik*, 963 F.2d at 1260.

The record demonstrates that the district court afforded Price an opportunity to amend his complaint. In addition, the district court warned Price that his failure to comply with the filing deadlines for amendment could result in the dismissal of his action. *See id.*; *see also Malone v. United States Postal Serv*., 833 F.2d 128, 132-33 (9th Cir. 1987). Although the district court did not specifically state that it was dismissing the action in its August 31, 2010 order, we interpret the court's dismissal of Price's claims to be a dismissal of the action. Under these circumstances, we conclude the district court did not abuse its discretion by dismissing Price's action for failing to submit an amended complaint. *See Ferdik*, 963 F.2d at 1261-1262.

**AFFIRMED.**