NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FLIR SYSTEMS, INC.,**
*Plaintiff-Appellee,*

v.

**THOMAS L. GAMBARO,**
DOING BUSINESS AS PATENT ENFORCEMENT COMPANY,
*Defendant-Appellant,*

**and**

**MOTIONLESS KEYBOARD COMPANY,**
*Defendant.*

---

2012-1100

---

Appeal from the United States District Court for the District of Oregon in case no. 10-CV-0231, Judge Anna J. Brown.

---

Decided: July 11, 2012

---

SUSAN D. MARMADUKE, Harrang Long Gary Rudnick P.C., of Portland, Oregon, for plaintiff-appellee. With her on the brief was JONA J. MAUKONEN. Of counsel on the

brief was MICHAEL J. COLLINS, Bickel & Brewer, of Dallas, Texas.

THOMAS L. GAMBARO, of Portland, Oregon, pro se.

———————————

Before RADER, *Chief Judge*, and O'MALLEY and REYNA, *Circuit Judges*.

PER CURIAM.

*Pro se* appellant, Thomas Gambaro, is the named inventor of U.S. Patent No. 5,322,322 ("the '322 Patent") and U.S. Design Patent 405,071 ("the '071 Design Patent."). In 1997, Mr. Gambaro founded Motionless Keyboard Company ("MKC") and assigned the '322 Patent to MKC.[1] Mr. Gambaro subsequently accused FLIR Systems, Inc. ("FLIR") of infringing the '322 Patent. In response, FLIR sued MKC and Mr. Gambaro, seeking a declaratory judgment that its products did not infringe and that the patent is invalid and unenforceable. Throughout the litigation that ensued, Mr. Gambaro repeatedly violated court orders. As a sanction, the district court struck his pleadings and entered a default judgment of noninfringement in FLIR's favor. Because imposition of that sanction was within the district court's power and was not an abuse of discretion, we affirm.[2]

I.

Mr. Gambaro is the named inventor of the '322 Patent for "Ergonomic Thumb-Actuable Keyboard for Hand-Grippable Device," which claims a hand-grippable device

———————————

[1] The '322 Patent expired on January 12, 2010.

[2] The remaining issues on appeal provide no basis for relief.

that frees the thumb to actuate keys in various ways.[3]
After Mr. Gambaro founded MKC in 1997, he assigned
the '322 Patent to it.[4]

In 2004, MKC sued Microsoft and other defendants al-
leging infringement of the '322 Patent, but Chief Judge
Ann Aiken of the United States District Court for the
District of Oregon held that the patent was invalid and
not infringed. Specifically, the district court construed
the phrase "a concavity in said housing at said key-
actuation positions and a thumb-associable cluster of keys
forming a keyboard with said concavity" to mean:

> That the concavity must be formed by a depres-
> sion in the housing of the device, and that all keys
> comprising the keyboard must be contained en-
> tirely within the concave area and sunk below the
> surface of the housing, so that the thumb move-
> ment occurs within the concave area.

*Microsoft I*, 2005 WL 1113818 at *16, 19. On appeal, this
court reversed the invalidity ruling, but affirmed the
noninfringement ruling and claim construction ("Aiken
Construction").

In 2009 and 2010, Mr. Gambaro mailed letters to
FLIR, a thermal imaging camera producer. Relying on
the claim construction the district court rejected in 2004,
Mr. Gambaro alleged that certain FLIR products in-
fringed the '322 Patent. Mr. Gambaro asserted that the
Aiken Construction was erroneous and demanded that
FLIR pay him monies for the alleged infringement. FLIR

---

[3]    Due to the complex procedural history of this case,
only relevant portions of the procedural history are dis-
cussed herein.

[4]    MKC was administratively dissolved by the State
of Oregon in 2008.

refused and sued Mr. Gambaro and MKC, seeking a declaratory judgment that, based on the Aiken Construction, its products did not infringe the claims of the '322 Patent and that the patent is invalid and unenforceable. Mr. Gambaro filed counterclaims, including allegations of infringement, defamation, and malicious prosecution.

FLIR moved to strike the Answer with respect to MKC because Mr. Gambaro filed it in violation of Oregon District Court Local Rule 83-9(b), which prohibits a corporation to appear or act except through an attorney absent a court order or as otherwise specified by law. The district court granted FLIR's motion. Ultimately, MKC retained counsel, and the district court granted counsel's motion for leave to withdraw. When MKC failed to answer FLIR's amended complaint, the district court granted FLIR's motion for entry of an Order of Default against MKC.

FLIR served document requests and interrogatories, but Mr. Gambaro provided neither the requested documents nor substantive responses to interrogatories. Rather, Mr. Gambaro filed ten motions, primarily relating to disqualification and discovery issues. The district court denied the motions, except that it permitted Mr. Gambaro to file an amended answer.

On June 23, 2010, the district court instructed Mr. Gambaro that the Aiken Construction had been fully litigated, but the district court would need to decide whether it was controlling on Mr. Gambaro since he was not a party to that litigation. FLIR moved for partial summary judgment seeking an order that the Aiken Construction was binding on Mr. Gambaro.

During this time, Mr. Gambaro filed countless documents and motions with the district court. The district court repeatedly requested that Mr. Gambaro refrain

from filing further motions. On March 25, 2011, the district court issued an order identifying how Mr. Gambaro had violated its previous orders and warned him to discontinue further violations. Specifically, the Order stated:

> The Court hereby issues its final warning to Gambaro. Any further violations of this Court's orders, including its case-management orders, will be sanctioned to include the possibility of striking Gambaro's Answer and permitting Plaintiff FLIR to proceed to a judgment in this matter without Gambaro's participation.

Mr. Gambaro responded four days later:

The Defendant Pro Se does not consider the statement of the Court to be a 'final warning' but more accurately a threat of tyranny to the Constitutionally assured rights of a natural born citizen of the United States. The Defendant Pro Se is outraged that these measures were even considered to the point of including them in an order. DO NOT THREATEN ME AGAIN IN WRITING. I do not take kindly to threats in any form.

Gambaro Ltr. to J. Brown (Mar. 29, 2011). Mr. Gambaro characterized the Order as "an act of Judicial Terrorism" and stated that he would never agree to the Aiken Construction because it was "FRAUD pure and simple." *Id.*

On April 18, 2011, the district court granted FLIR's motion for partial summary judgment, ruling that Mr. Gambaro was bound by the Aiken Construction and could not further challenge it. Mr. Gambaro ignored that ruling and filed various documents, accusing Chief Judge Aiken of lacking the technical expertise to construe the patent

correctly and failing to give adequate consideration to the evidence.

In an order issued on June 3, 2011, the district court again warned Mr. Gambaro that his behavior could result in sanctions, stating in pertinent part:

> The Court has previously warned Gambaro that he will be sanctioned if he does not comply with the Court's case-management orders. Accordingly, if Gambaro violates this order, the Court will sanction him and will consider striking all of his pleadings and precluding him from defending FLIR's claims against him.

In direct contravention of this order, Mr. Gambaro filed a video declaration and motion for reconsideration arguing that the Aiken Construction was erroneous. Two days later, he filed a progress report with a YouTube video that was purportedly evidence as to why the Aiken Construction was invalid. The district court issued two orders on August 1, 2011, warning Mr. Gambaro of the possible consequences of his violations and directing him to show cause why the district court should not impose a bond as security against future violations. Ten days later, Mr. Gambaro filed an unauthorized motion to bar the Aiken Rulings from the case, and the district court issued a supplemental order to show cause why the district court should not find Mr. Gambaro to be in violation of its prior orders. Mr. Gambaro's response to the supplemental order states in pertinent part:

> The Court has ordered on numerous occasions that the parties may not file additional pleadings. In the view of the Defendant Pro Se Gambaro this is unconstitutional violating the Amendment I of the U.S. Constitution . . . and the attorneys may be bound to such an order but it is not mandatory

in my view.  I have a right to conduct my defense
in the best manner possible.

Gambaro Ltr. to J. Brown (Aug. 18, 2011).

Because Mr. Gambaro refused to comply with the district court's orders, FLIR moved for entry of default judgment against Mr. Gambaro, and the district court granted the motion.

This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II.

This appeal appears to present the following issues: (i) whether the district court abused its discretion in sanctioning Mr. Gambaro by striking his pleadings and entering a default judgment of noninfringement; (ii) whether the district court incorrectly determined that FLIR had conferred sufficiently with Mr. Gambaro to satisfy the local conferral rule, or, in the alternative, abused its discretion in waiving the conferral requirement; (iii) whether the district court abused its discretion by deferring discovery and entry of a protective order and by denying Mr. Gambaro's motion for sanctions against FLIR for alleged discovery violations; and (iv) whether the district court erred in granting FLIR's motion for partial summary judgment declaring that Mr. Gambaro is bound by the Aiken Construction.  Because we hold that the district court did not abuse its discretion in striking Mr. Gambaro's pleadings and entering a default judgment of noninfringement, we do not reach the remaining issues raised on appeal.

### A.  Standard of Review

We review procedural issues not unique to patent law under the standards of the regional circuit -- here, the

Ninth Circuit. *See Dominant Semiconductors SDN, BHD v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). In the Ninth Circuit, whether a district court has the power to impose a default sanction is reviewed *de novo*. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). Whether that sanction was properly imposed is reviewed for abuse of discretion. *Id.* Under this deferential standard, we will overturn a court's decision to order default judgment as a sanction for misconduct "only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

## B.  Analysis

Mr. Gambaro primarily challenges the district court's decision to strike his pleadings and enter a default judgment in FLIR's favor as a sanction for his repeated violation of court orders. We hold that the district court possessed the power to impose that sanction and did not abuse its discretion in doing so. *See Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 916 (9th Cir. 1987) (recognizing that district courts may enter default judgment to sanction abusive litigation practices and observing that such power is "necessary to enable the judiciary to function").

In the Ninth Circuit, a five-factor balancing test is applied to determine whether dismissal of a case is an appropriate sanction for failure to comply with a court order:  (i) the public interest in expeditious resolution of the litigation; (ii) the court's need to manage its docket; (iii) the risk of prejudice to the other party; (iv) the public policy favoring the disposition of cases on their merits; and (v) the availability of less drastic sanctions. *See Malone*, 833 F.2d at 130 (citation omitted). Taken as a

whole, these factors weighed in favor of the default judgment.

Mr. Gambaro repeatedly violated court orders, despite countless warnings by the district court that his behavior could result in sanctions that included the striking of his pleadings and the entrance of a default judgment. The district court gave Mr. Gambaro multiple opportunities to show cause why such sanctions should not be imposed. We find no error in the district court's conclusion that Mr. Gambaro was attempting to protract the litigation to force FLIR to settle the case. It is beyond dispute that Mr. Gambaro's disobedience of court orders made the district court's case management more difficult and wasted judicial time and resources. We agree with the district court's conclusion that FLIR was prejudiced because it had to respond to Mr. Gambaro's unauthorized motions, incurring unnecessary litigation expenses and delaying resolution of the matter. The district court observed that it had no reason to conclude that Mr. Gambaro would stop filing frivolous motions or willfully violating court orders. It correctly noted that the public policy favoring disposition of the merits weighed against entering a default judgment. However, when considered in light of the other factors, this factor alone does not preclude imposition of a default judgment.

We also find no error in the district court's conclusion that less drastic measures would be insufficient given provided the district court's repeated attempts to convince Mr. Gambaro to comply with court orders and rules. The district court had employed less drastic measures, such as issuing orders to show cause and other warnings, but these measures proved ineffective. The district court warned Mr. Gambaro of the possibility of the sanction of a default judgment before imposing it. It implemented alternative sanctions before ordering default, and it

explained why less drastic sanctions were inappropriate in light of Mr. Gambaro's conduct during the litigation. Therefore, we hold that the district court did not abuse its discretion.[5] For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**

COSTS

Appellant shall bear the costs.

---

[5] We have considered Mr. Gambaro's other arguments made on appeal and in light of our holding above, we find that they provide no basis for relief.