FILED

NOT FOR PUBLICATION

APR 23 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD ROY SCOTT,

Plaintiff - Appellant,

v.

KELLY CUNNINGHAM, Superintendent,

Defendant - Appellee.

No. 12-35737

D.C. No. 3:11-cv-05509-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Richard Roy Scott appeals pro se from the district court's order imposing

monetary sanctions and judgment dismissing his 42 U.S.C. § 1983 action with

prejudice for failure to comply with the sanctions order. We have jurisdiction

under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

entry of monetary sanctions, *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997), and its sanction of dismissal of the case with prejudice, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). We affirm.

The district court did not abuse its discretion in imposing monetary sanctions because the record supports its conclusion that Scott knowingly filed duplicative and frivolous motions. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (district court's bad faith findings are reviewed for clear error); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct."); *Batarse*, 115 F.3d at 649 (bad faith finding is warranted where litigant "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in sanctioning Scott by dismissing his case with prejudice because the court warned Scott that failure to comply with the sanctions order would result in dismissal, and Scott's frivolous and duplicative motions needlessly disrupted the litigation and burdened the court and opposing counsel. *See Leon*, 464 F.3d at 961 ("[W]e do not disturb the district court's choice of sanction unless we have a definite and firm conviction that the

district court committed a clear error of judgment[.]" (citation and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1991) (setting forth the factors for determining whether to dismiss for failure to comply with a court order and finding no abuse of discretion where three of the five factors weighed strongly in favor of dismissal).

We reject as unpersuasive Scott's contentions regarding his motion for voluntary dismissal, the signing of the dismissal order, and alleged judicial bias.

**AFFIRMED.**