

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY C. QUAN; et al., | No. 14-55185 |
| Plaintiffs - Appellants, | D.C. No. 2:03-cv-02190-GAF-AJWX |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 5, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Henry Quan, Angela Chu, Thomas Danzek, and O'Neil Carter ("Plaintiffs")

appeal the district court's order dismissing their case with prejudice for lack of

prosecution. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion by terminating Plaintiffs' case for lack of prosecution eleven years after it was first filed in 2003. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The court properly applied the Ninth Circuit's five-factor test for determining whether to dismiss a case for lack of prosecution. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). Most importantly, the court found that the actions of Plaintiffs' counsel harmed "the public's interest in expeditious resolution of litigation" and interfered with "the court's need to manage its docket." *Id.*

Plaintiffs' counsel first filed an ex parte request for a continuance of the November 19, 2013 trial date because of health issues on October 10, 2013. The court granted that request and continued the trial to January 28, 2014, but expressly warned that any future continuance requests would be denied. The court instructed Plaintiffs' attorney to find substitute counsel if his health prevented him from trying the case: "Let me be clear . . . . If this case doesn't go to trial on the 28th of January, if somebody isn't here to answer ready, I will dismiss the case for lack of prosecution, period." Despite this warning, on December 20, 2013, Plaintiffs' counsel made a second ex parte request to continue the trial to February 18, 2014, citing continuing health problems. Yet Plaintiffs' counsel acknowledged that substitute counsel was not actually available on January 28 *or* on February 18,

2

2014. Given that Plaintiffs' counsel ignored the district court's clear warnings regarding future continuances, the district court's decision to dismiss Plaintiffs' case was not surprising

Under the circumstances and in light of the district court's intimate familiarity with the history of the case, the district court did not abuse its discretion in dismissing Plaintiffs' case for lack of prosecution.

**AFFIRMED.**