**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILLIAMS, | No. 16-17243 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00414-APG-PAL |
| v. | |
| CLARK, Officer, Metropolitan Police; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

James Williams appeals pro se from the district court's judgment dismissing

his action alleging various federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion a district court's

dismissal as a sanction under Fed. R. Civ. P. 16(f), *Malone v. U.S. Postal Serv.,*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

833 F.2d 128, 130 (9th Cir. 1987), and we affirm.

The district court did not abuse its discretion by dismissing Williams's action because Williams failed to comply with court orders, including filing a pre-trial order, despite being ordered twice to do so. *See id.* at 130-32 (discussing the five factors the district court must weigh before dismissing a case for failure to comply with a court order).

Because we affirm the district court's dismissal of Williams's action for failure to comply with court orders, we do not consider Williams's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**