

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RACHEL KING,

        Plaintiff-Appellant,

  v.

WAL-MART STORES, INC.; DOES, 1-
50, inclusive,

        Defendants-Appellees.

No.   19-56255

D.C. No.
2:18-cv-09613-JFW-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 9, 2020**
Pasadena, California

Before: KLEINFELD, HURWITZ, and BUMATAY, Circuit Judges.

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ra'Chel King appeals the district court's order dismissing her action for failure to comply with a court order, and its order denying her motion to set aside dismissal under Rule 60(b)(1). We reverse.

King sued Walmart for injuries she allegedly suffered at the hands of a Walmart employee. The district court issued a case management order which required the parties to make numerous pretrial filings, including motions in limine, memoranda of contentions of fact and law, exhibit stipulations, jury instructions, and verdict forms, by Thursday, August 22, 2019. The order also required the parties to meet and confer in person no later than twenty-one days before the pretrial conference in order to discuss motions in limine. In the order, the district court warned that failure to file the required pretrial documents could result in default judgment or dismissal.

King failed to file the required documents by August 22, 2019, and the district court dismissed the case in its entirety the following day, Friday, August 23, 2019. King filed a motion to set aside the dismissal under Rule 60(b)(1), and the court denied the motion. Because this suit was originally filed less than two

weeks before the statute of limitations on King's claims ran, the court's dismissal was effectively with prejudice.

We review the district court's dismissal for abuse of discretion. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). A district court abuses its discretion if its application of the law to the facts is illogical, implausible, or without support in inferences that may be drawn from the record. *Ahanchian*, 624 F.3d at 1258.

When determining whether dismissal of an action is an appropriate sanction, a district court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (alterations omitted) (quoting *Malone*, 833 F.2d at 130). When a party violates a court order, the first

two factors weigh in favor of sanctions and the fourth factor weighs against case-dispositive sanctions, so the third and fifth factors are decisive. *Id.*

The third factor weighs against dismissal, because King's failure to meet the deadline prejudiced Walmart very little, if at all. A defendant is prejudiced when the plaintiff's failure to comply with a pretrial order impairs the defendant's ability to go to trial or threatens to interfere with the rightful decision of the case. *Malone*, 833 F.2d at 131. King's attorneys state that, when they became aware of their oversight on August 22, 2019, they fully intended and expected to file all required documents by August 23, the day after the deadline, along with a declaration to the court apologizing for and explaining the tardy submission. They also assert that they were only prevented from filing the documents one day late by the court's dismissal of the action.

The district court found that Walmart's attempts to cooperate with King were wasted. But if the court had not dismissed the action, both parties would have filed their completed pretrial documents by August 23, one day after the deadline. Such a small delay would have neither impaired Walmart's ability to go

4

to trial nor threatened to interfere with the rightful decision of the case. The third factor therefore weighs strongly against dismissal.

The fifth factor similarly weighs against dismissal. In determining whether less drastic sanctions were available, we consider: (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why alternative sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412–13 (9th Cir. 1990). In finding that less drastic sanctions were not available, the district court relied on its explicit warning in the case management order that King's failure to comply would result in dismissal. However, the other two considerations counsel strongly against dismissal. Other sanctions were available under Rules 16(f) and 37. Fed. R. Civ. P. 16(f)(2), 37(b)(2)(A). The district court did not, so far as the record shows, consider any of these alternative sanctions before dismissing the case and did not explain why alternative sanctions would not have sufficed.

Because the third and fifth factors weigh strongly against dismissal, the district court's dismissal of the action was an abuse of discretion.

King also appeals the district court's denial of her motion for relief under Rule 60(b). Because we hold that the district court's dismissal was an abuse of discretion, we need not reach this issue. *See, e.g.*, *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1133 (9th Cir. 2008) (holding that the district court abused its discretion in dismissing with prejudice, and therefore declining to reach the merits of the district court's denial of plaintiff's Rule 60(b)(6) motion for relief).

The Federal Rules of Civil Procedure must be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The district court's dismissal did not further "the public policy favoring disposition of cases on their merits." *Valley Eng'rs*, 158 F.3d at 1057. We take no position on the underlying merits of this action, but King deserves to have her suit heard on the merits, not dismissed with prejudice due to a careless but inadvertent one-day delay in filing. Docket clearing is not as important as substantive justice.

**REVERSED and REMANDED.**